DONALD MORIARTY *vs.* CONNECTICUT VALLEY STREET RAILWAY
COMPANY.
JOHN J. MORIARTY *vs.* SAME.

Hampshire.   October 1, 1912. — November 25, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DeCOURCY, JJ.

*Negligence,* Street railway, In use of highway.

In an action against a street railway company for injuries sustained by reason of a horse and wagon driven by the plaintiff being run into by a car of the defendant at the junction of two streets, it could have been found that as the plaintiff approached the corner he saw the car of the defendant coming on the intersecting street and brought his horse to a stop twenty feet from the curve by which the railway tracks entered the street on which he was driving, that the car then stopped at a white post on the intersecting street with the fender about a foot over the cross walk, and that thereupon the plaintiff started his horse, that when the horse's head was about opposite the car the bell was rung for starting and the motorman, who was facing the rear of the car, turned around and immediately started the car without looking to the right or the left for approaching travellers, that the plaintiff called to the motorman to stop and tried to turn his horse to the left, but that the car continued in motion, knocked down the horse and caused the injuries sued for. *Held,* that there was evidence for the jury of due care of the plaintiff and of negligence of the defendant's servants.

TWO ACTIONS OF TORT, the first by a boy nine years of age when injured, and the second by the father of the plaintiff in the first case, for personal injuries to both plaintiffs and damage to the property of the plaintiff in the second case by reason of the alleged negligence of the servants of the defendant in operating one of its electric cars. Writs dated March 28, 1910.

In the Superior Court the cases were tried together before *Sanderson,* J. The facts which could have been found upon the evidence are stated in the opinion.

At the close of the evidence the defendant asked the judge to rule that neither of the plaintiffs was in the exercise of due care, that there was no evidence of negligence on the part of the defendant and that neither plaintiff was entitled to recover. The judge refused to rule as requested, and submitted the cases to the jury who returned a verdict for the plaintiff in the first case in the sum of $900 and a verdict for the plaintiff in the second case in the sum of $125. The defendant alleged exceptions.

The cases were submitted on briefs.

*F. L. Greene,* for the defendant.

*G. P. O'Donnell,* for the plaintiffs.

DeCourcy, J.   These actions of tort, tried together, are brought to recover for injuries resulting from a collision which occurred at the intersection of two streets in Northampton, between a car of the defendant and the horse and wagon of the plaintiff, John J. Moriarty.

Upon the evidence the jury could find the following facts: North Street runs easterly from and at right angles with King Street; and the North Street car tracks curve to the south to connect with the King Street tracks.   It was dusk at the time of the collision, but the place was well lighted by an electric lamp at the intersection of the streets and by the electric headlight on the car.   The plaintiff, John J. Moriarty and his employee occupied all the seat of the wagon, and his son Donald was seated upon one of the bags in the body of the vehicle.   They were travelling northerly on the right hand side of King Street.   As they approached the corner, the driver Moriarty saw this car on North Street, coming toward King Street, and he brought his horse to a halt within twenty feet of the curved track which crossed the roadway.   The car then stopped at a white post on North Street, with the fender about a foot over the cross walk; and the driver, John J. Moriarty, seeing that his course was unobstructed, set forward.   ·When the horse's head was about opposite the car, the starting bell was rung.   The motorman, who was then facing the rear of his car, apparently talking with some one, turned around and immediately started the car in motion, without looking to the right or left along King Street for approaching travellers.   Moriarty called out to him to stop, and endeavored to turn the horse to the left, but the car continued on, knocked down the horse, broke the. wagon and harness and threw the plaintiff Donald to the ground.

From this summary statement of the facts in evidence it is manifest that the issues of the defendant's negligence and the due care of the plaintiffs were for the jury.   *Smith* v. *Holyoke Street Railway,* 210 Mass. 202.

*Exceptions overruled.*