BRIDGET BOYLE, administratrix, *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    September 30, 1918. — October 11, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway.

A motorman operating a street railway car in a city street, not going at an excessive rate of speed and sounding the gong, cannot be found to have been negligent in running down a traveller on foot who stepped from a place of safety directly in front of the moving car, if the motorman had no reason to suppose that the foot traveller was unaware of the approaching car and, as soon as it was evident that the traveller was in a place of danger, did all that could be done to check the speed of the car.

TORT by the administratrix of the estate of Luke A. Boyle, late of Worcester, under St. 1907, c. 392, for causing the death of the plaintiff's intestate by running into him with a street railway car of the defendant on September 4, 1915, on Front Street in Worcester. Writ dated November 12, 1915.

In the Superior Court the case was tried before *Morton, J.,* who at the close of the plaintiff's evidence, which is described in the opinion, on motion of the defendant ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*J. H. Meagher, E. Zaeder & C. F. Boyle,* for the plaintiff.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

CARROLL, J. The plaintiff's intestate was struck by one of the defendant's cars while walking across Front Street, in Worcester, from the Common in the direction of Commercial Street, about five o'clock in the evening of September 4, 1915. He died from his injuries.

Front Street at this point is sixty feet wide and paved with granite blocks. The southerly rail of the defendant's east bound

track is about twenty-one and a half feet, and the southerly rail of the west bound track about thirty-two feet, from the curb on the sidewalk on the Common side. The day was clear. The car which struck the intestate was going in a westerly direction, from eight to twelve miles an hour, and the view east and west from the scene of the accident was unobstructed for a distance of seven hundred feet. When near the southerly rail of the east bound track, the plaintiff's intestate put his hands to his head, — apparently a gust of wind disturbed his hat, — and continued walking in a northeasterly direction. The car going west was then from seventy to seventy-five feet away.

There was no evidence of negligence on the part of the motorman. The car was not going at an excessive rate of speed, and it was undisputed that the gong was sounded; the motorman had no reason to anticipate that the intestate was unaware of the approaching car, and would step from a place of safety directly in front of it; as soon as it was evident that the deceased was in a place of danger the motorman did all that could be done to check the speed of the car. *Connors* v. *Worcester Consolidated Street Railway,* 228 Mass. 357. *O'Donnell* v. *Bay State Street Railway,* 226 Mass. 418. *Donahue* v. *Massachusetts Northeastern Street Railway,* 222 Mass. 233. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 536.

In *Murphy* v. *Worcester Consolidated Street Railway,* 225 Mass. 264, relied on by the plaintiff, there was evidence that the car was moving at a high rate of speed; that no signal of its approach was given; and that the motorman could have seen the team in charge of the intestate coming down the driveway on to the track.

As there was no evidence of the defendant's negligence, it is unnecessary to consider the question of the due care of the intestate.

*Exceptions overruled.*