JULIA B. DRISCOLL, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.   May 22, 1919. — June 23, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Street railway, Causing death.

At the trial of an action by an administrator against a street railway company for
causing the death of the plaintiff's intestate, the evidence in its aspect most
favorable to the plaintiff tended to show that on a clear evening in November
the intestate started to cross a well lighted street in a city, not at a stopping
place for cars nor at a cross walk, when an electric car of the defendant, properly
lighted and proceeding at a rate of about ten miles an hour, was fifty to seventy-
five feet away; that the motorman sounded his gong and caused the car to
slacken its speed to four or five miles an hour; that the intestate paid no atten-
tion to the car and, without walking in front of it, came into collision with its
forward corner, and that the car stopped within four or five feet of the point
of collison.   *Held*, that there was no evidence warranting a verdict for the
plaintiff.

TORT for causing the death of John Walsh, the plaintiff's in-
testate, at twenty-five minutes after five o'clock in the afternoon
of November 23, 1915, on Washington Street near Palmer Street
in that part of Boston known as Roxbury, as described in the
opinion.   Writ dated February 26, 1916.

In the Superior Court, the action was tried before *White*, J.
The evidence is described in the opinion.   At the close of the
evidence, upon a motion in writing by the defendant, the judge
ordered a verdict for the defendant; and, the verdict having been
returned, by agreement of the parties, reported the case to this
court upon the following terms: If the judge was right in
ordering the verdict, judgment was to be entered for the defend-
ant upon the verdict; but if there was sufficient evidence to entitle
the plaintiff to have the case submitted to the jury, then judgment
was to be entered for the plaintiff in the sum of $1,500, with in-
terest and costs.

The case was submitted on briefs.

*H. A. Kenny*, for the plaintiff.

*F. Ranney & T. Allen, Jr.*, for the defendant.

By THE COURT.   This is an action to recover damages for the death of John Walsh.   The evidence in its aspect most favorable to the plaintiff tended to show that on a clear November evening the deceased started to cross a well lighted Boston street, not near a stopping place for cars or cross walk, when a trolley car of the defendant, properly lighted and then proceeding at about ten miles an hour, was fifty to seventy-five feet away.   The motorman sounded his gong repeatedly and was seen to be "working his brake handle."   "The car slowed down to about four or five miles an hour."   The deceased paid no attention to the car and, without walking in front of it, came into collision with its forward corner.   The car stopped within four or five feet.   The testimony of the motorman was that he "shut off the power . . . and threw over the reverse lever, and put on a notch or two of power, at the same time putting on his brake . . .   As soon as his reverse was set he eased his brake a little, to give the reverse a chance to work . . . when going forward you have first to overcome the forward motion of the wheels before they will revolve backward.   He did all he could to stop the car, but did not have space enough."

It is manifest that as matter of law there was no evidence to warrant a verdict for the plaintiff.   *Boyle* v. *Worcester Consolidated Street Railway*, 231 Mass. 184, *Anger* v. *Worcester Consolidated Street Railway*, 231 Mass. 163, and decisions collected in each opinion.   *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392.

*Judgment for the defendant on the verdict.*