JAMES E. GLENNON *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Middlesex.    January 15, 1925. — January 28, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, &
SANDERSON, JJ.

*Negligence*, Street railway, In use of highway.

At the trial of an action for personal injuries received when the plaintiff
was thrown from a tipcart which was standing at a curb when it was
struck by an automobile by reason of a street car of the defendant
having collided with the automobile, the evidence in its view most
favorable to the plaintiff tended to show that the automobile and a
street car were proceeding in the same direction in which the tipcart
was facing; that there was not room for the three to be abreast with the
street car on the left; that the street car was going about fifteen miles
per hour; that when the automobile was thirty-seven feet behind the
tipcart, the driver of the automobile, without warning, turned sharply
to his left on to the street car tracks in order to pass the tipcart ahead
of the street car; that the right hand front corner of the street car came
into contact with the left rear mudguard of the automobile; that the
motorman of the street car brought it to a stop when its rear was ten
feet beyond the tipcart. There was no evidence of want of control or
of any inattention to duty on the part of the motorman. There was
a verdict for the plaintiff. *Held,* that
  (1) There was no carelessness on the part of the motorman in not
anticipating that the driver of an automobile would go upon the tracks
in front of the trolley car in the circumstances disclosed;
  (2) A finding was not warranted that the automobile was squarely on
the street railway tracks nor proceeding along such tracks before the
accident;
  (3) A finding that the motorman was negligent was not warranted
and a verdict for the defendant should have been ordered.

TORT for personal injuries resulting from the plaintiff's
being thrown from a tipcart standing at a curb when it was
struck by an automobile which was thrown against it by a
street car of the defendant. Writ dated September 15,
1922.

In the Superior Court, the action was tried before *Lawton,*
J. The evidence tended to show that the street car struck
the left rear mudguard of the automobile, and that the door
and front right hand corner of the street car were scratched.

Other material evidence is described in the opinion. At the close of the evidence, a motion that a verdict be ordered for the defendant was denied. The jury found for the plaintiff in the sum of $4,125. The defendant alleged exceptions.

The case was argued at the bar in January, 1925, before *Rugg*, C.J., *Braley*, *Crosby*, *Pierce*, & *Carroll*, JJ., and afterwards was submitted on briefs to all the Justices.

*F. J. Carney*, (*J. A. Canavan* with him,) for the defendant.

*J. J. Kerwin* & *J. C. Reilly*, for the plaintiff, submitted a brief.

RUGG, C. J.   This is an action to recover compensation for personal injuries, alleged to have been sustained by the plaintiff by reason of the negligence of a motorman in the employ of the defendant in operating one of its trolley cars. The case comes before us on the exception of the defendant to the denial of its motion for a directed verdict.

The injuries were received about three o'clock on the afternoon of a September day, on a main street in Everett. The plaintiff was standing in a tipcart drawn up parallel to the right hand curb.   No question is made as to his due care.   The only point to be decided is whether there was evidence of negligence on the part of the motorman of the defendant.

A trolley car of the defendant and, on its right, an automobile driven by one Norton were proceeding in the same direction along the same street and approached the tipcart from behind.   There was room enough for the trolley car to pass the tipcart without hitting.   There was not room for the automobile to pass the tip cart without going upon the car tracks.   The overwhelming weight of evidence from witnesses called by the plaintiff and by the defendant was to the effect that the automobile, being driven at the same speed as, or slightly faster than, that of the trolley car, which was variously estimated from eight to fifteen miles an hour, was turned, in order to pass the tipcart, sharply, without warning, in front of the trolley so close to it that a collision was inevitable; and that although the motorman brought his car to a stop as soon as possible, the trolley car pushed

the automobile against the tipcart, whereby the plaintiff was thrown and injured.   This evidence need not be narrated or further summarized.   The driver of the automobile testified that at a nearby point the automobile was " abreast of the street car and pulling ahead of it going about fifteen miles per hour, and the street car going about ten or twelve miles an hour . . . that there wasn't room for him to pass the tipcart without going part way out onto the track, ' As I had got past him or was along about at the horse I felt this impact of the street car striking us on the left rear and threw us against the tipcart ' . . . that when he passed the street car he was about thirty-seven feet, behind the tipcart . . . that he was thirty-seven feet from rear of ash cart when he turned onto the track; that he could not say where the electric car was then . . . that he knew he had just passed a street car; but he did not look behind, and did not know where the street car was when he turned . . . that he passed the street car more than thirty-seven feet back from the tipcart and started to turn when thirty-seven feet away . . . [that] the auto had proceeded for some little distance along the inbound track before the accident " but he could not remember how far.   When asked whether he thought he had plenty of time to go between the tipcart and the electric car he answered, " No such thought entered my mind."   The trolley car was brought to a stop within a few feet, the strongest statement in favor of the plaintiff being that its rear was ten feet ahead of the tipcart.

All this evidence in its aspect most favorable to the contention of the plaintiff fails to show that the motorman was negligent in not avoiding the collision.   There is no evidence of excessive speed, of want of control of the car or inattention to duty.   There was no carelessness on the part of the motorman in not anticipating that the driver of an automobile would go upon the tracks in front of the trolley car, under the circumstances here disclosed.   He rightly might have assumed that no other traveller on the street would be so careless as to attempt to go through the narrow space between the trolley car and the stationary cart.   The irrefutable facts shown on this record make it plain that the

automobile could not have been squarely on the street rail-
way tracks nor have proceeded along such tracks before the
accident. *Rizzittelli* v. *Vestine,* 246 Mass. 391. *Boyle* v.
*Worcester Consolidated Street Railway,* 231 Mass. 184.
*Donahue* v. *Massachusetts Northeastern Street Railway,* 222
Mass. 233. *Phillips* v. *Boston Elevated Railway,* 222 Mass.
221. *Lovett* v. *Scott,* 232 Mass. 541. *O'Brien* v. *Blue Hill
Street Railway,* 186 Mass. 446.

In the opinion of a majority of the court the entry must be
*Exceptions sustained.*