MICHAEL J. LARKIN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 24, 1925. — September 18, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Street railway, In use of highway.

At the trial of an action of tort against a street railway company for personal injuries and damage to a motor truck resulting from a collision of the truck with the street car, alleged to have been caused by negligence of the motorman of the street car, the evidence, construed most favorably for the plaintiff, warranted a finding that the plaintiff while driving on a street, straight for five hundred feet or more, beside tracks of the defendant, thrust out his hand as a signal and then, when a street car approaching from behind him was eight or ten feet distant, turned the truck upon the track to pass a parked automobile six or seven feet in front of the truck; that when the truck was six or eight inches on the track, the street car struck its left rear side when it was abreast of

the parked automobile; that the street car travelled not more than five feet after the collision, while the truck went ahead thirty or forty feet before it was stopped and that no warning bell was sounded on the street car.   The evidence did not disclose how near the street car was to the plaintiff when he put out his hand to signal nor whether the progress of the motor truck after the collision was on its own power or in part from force of the impact.   The plaintiff testified that he did not look to see if a car was coming before he turned out.   *Held*, that

(1) A finding was not warranted that the motorman, in the exercise of reasonable care after he first received notice of the plaintiff's intention, could have avoided the accident either by giving a signal or in any other way;

(2) A verdict for the plaintiff was not warranted.

TORT for personal injuries and damage to a motor truck alleged to have been caused when the truck, driven by the plaintiff, was run into by a street car operated by the defendant on Washington Street near its intersection with Kenwood Street in that part of Boston known as Dorchester.   Writ dated March 15, 1922.

In the Superior Court, the action was tried before *McLaughlin*, J.   Material evidence is described in the opinion.   At the close of the evidence, the defendant moved that a verdict be ordered in its favor.   The motion was denied.   The jury found for the plaintiff in the sum of $800.   The defendant alleged exceptions.

*R. L. Mapplebeck*, for the defendant.

*J. F. O'Connell*, for the plaintiff.

SANDERSON, J.   As the plaintiff was driving an open truck on the right hand side of Washington Street, in Dorchester, going toward Boston, he put out his hand to indicate his intention to pass an automobile parked at the curb from ten to fifteen feet ahead of him.   In turning, he ran six or eight inches onto the track of the defendant and one of its cars collided with the rear left side of the truck when it was abreast the parked automobile.   The street was straight for five hundred feet or more.   When the truck started to turn out the distance between it and the car was eight or ten feet, at which time the parked automobile was six or seven feet from the truck.   The evidence does not disclose how near the car was to the truck when the plaintiff put out his hand. The car travelled not over five feet after the collision; the

truck was driven ahead thirty or forty feet before it stopped, but, whether wholly upon its own power or in part from the force of the impact, did not appear. The plaintiff and witnesses called by him testified that they heard no bell rung on the electric car. One witness described what he saw in the following language: " . . . as he [the plaintiff] swung out he got over maybe six or eight inches on the Elevated tracks to clear the obstruction in front of him and before I could say 'that' he got a smash." The plaintiff testified that he did not look to see if a car was coming before he turned out, and that there was nothing to prevent him from seeing it if he had looked. The defendant offered no evidence.

The place and time of impact tend to prove that the truck was struck before it was squarely on the track. No evidence was offered as to the speed of the truck. The necessary inference from the fact that the car stopped not over five feet from the point of collision is, that it was moving slowly; and there was no evidence that the motorman did not have it under control or was inattentive to his duty. The only warning he had before the truck started to turn toward the tracks was while it was travelling not less than three, or more than nine, feet. He could not be expected to sound his gong until he knew, or should have anticipated, that the plaintiff would leave his course to go upon the tracks. The evidence in the light most favorable to the plaintiff does not justify the inference that, after the first notice of the plaintiff's intention, the defendant in the exercise of reasonable care could have avoided the accident either by giving a signal or in any other way. *Glennon* v. *Boston Elevated Railway*, 251 Mass. 103. *Donahue* v. *Boston & Northern Street Railway*, 222 Mass. 233. *Kelley* v. *Boston & Northern Street Railway*, 223 Mass. 449. *O'Donnell* v. *Bay State Street Railway*, 226 Mass. 418. *Boyle* v. *Worcester Consolidated Street Railway*, 231 Mass. 184.

The conclusion reached on the issue of the defendant's negligence makes it unnecessary to consider the question of the plaintiff's due care.

*Exceptions sustained.*
*Judgment for the defendant.*