CONRAD C. BEHMER *vs.* WORCESTER CONSOLIDATED
STREET RAILWAY COMPANY.

ELIZABETH BEHMER *vs.* SAME.

EMIL E. BEHMER *vs.* SAME.

Worcester.     September 23, 1925. — October 16, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence*, Street railway, In use of highway.

At the trial of an action against a street railway company by the owner
and driver of an automobile for damages to the automobile resulting
from a collision between it and a street car of the defendant, there was
evidence to show that the street car track was on the extreme right hand
side of the travelled way as the vehicles were proceeding; that the
plaintiff in the first action, driving at the rate of from fifteen to twenty
miles per hour, had driven the automobile past the street car as it
apparently was slowing down to take on passengers and had gone on
about six hundred feet when he found that another automobile had
stopped suddenly in front of him and, without looking to see the
position of the street car following him, he turned to the right on to
the street car tracks and within a minute heard a whistle from the
street car and was struck by it; and that by reason of the collision the
plaintiff's automobile was driven against the automobile in front, and
the street car continued for its own length and stopped.   *Held*, that
there was no evidence warranting a finding or an inference that the
defendant's motorman was negligent.

THREE ACTIONS OF TORT based upon alleged negligence of
a motorman of the defendant street railway company, re-
sulting in a collision between an automobile and a street car
of the defendant, the first action being for damages to the
automobile owned and operated by the plaintiff therein,
the second for personal injuries, and the third by the hus-
band of the plaintiff in the second action for consequential
damages resulting from her injuries.   Writs dated Novem-
ber 20, 1922.

In the Superior Court, the actions were tried together
before *Whiting*, J.   Material evidence is described in the
opinion.   At the close of the evidence, by order of the trial

judge, verdicts were entered for the defendant.   The judge then reported the actions for determination by this court.

C. H. L. Bock, for the plaintiffs, submitted a brief.

C. C. Milton, (S. B. Milton with him,) for the defendant.

PIERCE, J.   These were three actions of tort tried together in the Superior Court.   Conrad C. Behmer sued to recover for damages to an automobile owned and operated by him, caused by a collision between the said automobile and a street car owned by the defendant; Elizabeth Behmer sued for personal injuries alleged to have been received while a passenger in said automobile; and Emil E. Behmer, the husband of Elizabeth Behmer, sued for expenses arising out of said injuries.   At the close of the plaintiffs' evidence the defendant rested and filed motions that the trial judge direct the jury to return a verdict for the defendant in each case.   The motions were allowed, and verdicts for the defendant were rendered.   The plaintiffs duly excepted to the allowance of the motions.   The judge then reported the cases to this court upon the following limitation: "If my rulings ordering verdicts for the defendant were right, judgment in each case is to be entered on the verdict for the defendant; otherwise the cases are to stand for trial."

The evidence in its aspect most favorable to the plaintiffs' several contentions discloses that the plaintiff Conrad Behmer, on Sunday, October 22, 1922, while driving his automobile toward North Grafton and Worcester along the State road in the town of Grafton, passed an electric car of the defendant on the hill leading from Grafton into North Grafton.   This car was slowing up to take passengers and Behmer was driving his car at the speed of fifteen to twenty miles an hour.   About five or six hundred feet from the point where he passed the street car an automobile directly in front of him stopped suddenly, and he pulled his front right wheel onto the track which was on the extreme right hand side of the travelled way going toward Worcester. Behmer knew that, by reason of the condition of the traffic, he might be called upon at any time to stop his car.   He knew that he ought not to try to pass a car ahead of him by going to the right, but he turned to the right of the auto-

mobile instead of to the left to avoid hitting it and the automobiles coming in the other direction. After the automobile was on the car track its occupants heard the whistle blowing on the electric car, within a period of time estimated by Conrad Behmer as "about a minute," and by Emil Behmer as "half a minute or a minute." The electric car hit the rear of the automobile, drove it into the other automobile, went its length and stopped. After Conrad Behmer had driven his car on the car track "he didn't turn around at all, . . . didn't get out of the car . . . didn't turn around to see where the trolley car was . . . didn't do a single thing . . . he just stood there, just stood right in there."

There is no evidence to show where, in relation to the point the automobile was driven onto the track, the electric car stopped to take on passengers, if in fact it did stop; and no evidence in the matter of time to establish in fact or in inference where it was at the moment the automobile stopped on the track, or the speed at which it was being driven at any time after it was seen and passed by the automobile, five or six hundred feet away from the place of the collision. In the absence of affirmative evidence of negligence in the manner of driving the electric car, we are of opinion that negligence of the motorman cannot be inferred from his failure to anticipate that the driver of the automobile would go upon the tracks in front of the trolley car under the disclosed circumstances, emphasized as they are by the fact that there is no evidence to warrant an assumption that the tracks were ever used as a part of the travelled way. *Glennon* v. *Boston Elevated Railway,* 251 Mass. 103. *Larkin* v. *Boston Elevated Railway,* 253 Mass. 318.

In accordance with the terms of the report, judgment is to be entered for the defendant in each case.

*So ordered.*