EDWARD A. GUAY *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Essex.   October 5, 1931. — October 8, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, Street railway, In use of way.

At the hearing by a judge without a jury of an action of tort against a street railway company for personal injuries sustained when an automobile driven by the plaintiff was run into from behind by an electric street car of the defendant, there was evidence that on a street where travellers were governed by traffic lights the plaintiff had passed the street car at a green traffic light just after the motorman had closed the door before the car started; that the next traffic light, distant about one hundred forty feet from the first, was red, and the plaintiff, as there was a vehicle at his right stationary because of the second traffic light, gradually turned onto the car track and came to a stop in the ordinary way as required by the light; and that while waiting for the red light to change to green, the collision occurred. The judge found for the plaintiff. *Held*, that the evidence presented questions of fact as to contributory negligence of the plaintiff and negligence of the defendant's motorman, and that it would not have been proper to rule on either question as a matter of law.

TORT.   Writ dated May 27, 1930.

In the Superior Court, the action was heard by *Broadhurst*, J., without a jury. Material evidence before him is described in the opinion. He refused to rule either that on all the evidence the plaintiff was not entitled to recover, or that the plaintiff upon his own statement was guilty of

contributory negligence; and found for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*S. Parsons,* (*E. Parsons* with him,) for the defendant.

*E. S. Underwood,* for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries received by reason of a collision between an automobile driven by the plaintiff and a trolley car of the defendant. There was evidence tending to show that the plaintiff, about seven o'clock on an April morning, was driving on a public way in which there were tracks of the defendant and in which the travellers were governed by traffic lights; that he passed an electric car of the defendant stationary at a street corner, the traffic light at this point being green, just after the motorman had closed the door before the car started; that the next traffic light, distant about one hundred and ninety-one feet, was red, and, as there was a vehicle at his right stationary because of that traffic light, he gradually turned onto the car track and came to a stop in the ordinary way as required by the warning red light; that while waiting for the red light to change to green, the electric car struck his automobile in the rear. The distance between the first and second traffic lights was one hundred and forty-two feet. The inferences from this evidence might have been that for a distance of substantially more than one hundred feet the plaintiff was in general in front of the electric car and turning upon the track.

Evidence as to the due care and contributory negligence of the plaintiff (*O'Connor* v. *Hickey,* 268 Mass. 454) and as to the negligence of the motorman in charge of the car presented questions of fact and could not have been ruled as matter of law. The case is governed in every particular by *Riley* v. *Boston Elevated Railway,* 265 Mass. 176, 178, and cases there collected. It is distinguishable from cases like *Glennon* v. *Boston Elevated Railway,* 251 Mass. 103.

*Exceptions overruled.*