JOSEPH MAFFIOLI *vs.* GEO. L. GRIFFIN & SON, INC.

Middlesex.    November 14, 1934. — February 20, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence*, Motor vehicle, In use of way.

On all the evidence at the trial of an action for personal injuries sustained by a boy about nine years of age when he, while using a "scooter" in crossing a public way, was struck at about the middle of the way by a motor truck operated by the defendant, it was *held*, that a finding was not warranted that the defendant was negligent by reason of a violation of any statute or otherwise; and that therefore it was proper to order a verdict for the defendant.

TORT. Writ dated April 17, 1930, and afterwards amended.

The action was tried in the Superior Court before *Gibbs*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. W. Dealtry*, for the plaintiff.

*J. H. Gilbride*, for the defendant.

CROSBY, J. This is an action to recover compensation for personal injuries received by the plaintiff, a boy about eight years and ten months old at the time of the accident, which occurred about a quarter past three in the afternoon of June 1, 1929, on Bellevue Road in Watertown. The plaintiff contends that his injuries were caused by the negligence of the defendant's employee, in the operation of

a truck owned by the defendant, while engaged on business of the defendant.

Bellevue Road runs in an easterly and westerly direction. It is forty feet wide, with sidewalks on each side eight feet wide and a grass plot on each side of the street. An engineer called by the plaintiff produced a plan of the locus, and testified that the vehicular part of the road was twenty-four feet wide at the time of the accident; that there was a private driveway eight feet wide which entered Bellevue Road at a point about opposite the easterly sidewalk of Barnard Avenue; that Bellevue Road had a four per cent down grade in a westerly direction from a point about opposite Marcia Road to Barnard Avenue. This witness further testified that on June 3, 1929, skid marks made by the defendant's truck showed on the road; that these marks began at a point forty-one and four tenths feet easterly of the place where the plaintiff and the defendant's driver stated the collision occurred; that the brake mark made by the left wheel of the truck was over the middle line of Bellevue Road, and the brake mark of the right wheel started at a point seventeen and six tenths feet from the northerly line of Bellevue Road; and that the place of the collision was twenty and two tenths feet from the northerly line of Bellevue Road. The defendant's truck was being operated in a westerly direction. The jury viewed the place of the accident.

The plaintiff testified that at the time of the accident he was using a "scooter"; that upon reaching the corner of Bellevue Road and Russell Avenue he stopped, looked in both directions on Bellevue Road and back down Russell Avenue to see if there was any traffic, and seeing none crossed over to the northerly side of Bellevue Road; that he went westerly down the northerly sidewalk of that road to a point just before reaching the entrance to the private driveway; that he stopped at a point at the grass plot bordering the sidewalk on Bellevue Road and looked in both directions up and down Bellevue Road and down Barnard Avenue for automobiles and traffic but saw none and did not hear any signal; and that he started to cross Belle-

vue Road from the northerly to the southerly side to go down the easterly sidewalk of Barnard Avenue. He further testified on cross-examination that he put his left foot on the "scooter" and gave it a push and went out into the street. It is stated in the record that the plaintiff, upon reaching a point close to the center line, but nearer the north than the south side of the road opposite the private driveway, was struck by the defendant's truck, knocked down, run over and injured.

William R. Kennedy, the driver of the truck, testified that he was accompanied by a helper employed by the defendant; that he came up Russell Avenue and turned the corner to his left toward the west onto Bellevue Road; that just as he reached a point nearly opposite the private driveway he saw the plaintiff on the "scooter" coming from the direction of the private driveway; that he swung to his left and applied his brakes; and that the collision occurred at the point indicated by the plaintiff. This witness when called by the plaintiff testified that the plaintiff came out of the driveway; that he first saw him within two feet of the driveway and that he was coming fast; that he (Kennedy) tried to stop and did stop his truck quickly; that he was two feet east of the private driveway when he first saw the plaintiff, and two feet out from the driveway; "that he left some skid marks just from the driveway 'down across the corner where I stopped'"; that he was going at a speed of fifteen miles an hour; that he could have been going a little less than fifteen miles an hour; that after the accident he picked the boy up in the street in front of the private driveway; and that in order to avoid striking the boy he threw his wheel hard to the left, put on his brakes, and stopped within twenty to twenty-five feet. The plaintiff put in evidence a statement made by this witness to the police in which he stated, "this boy came out of a driveway, a steep incline, he was riding a scooter, I could not see the boy on account of the bushes and the wall that was on my side. I would say that the bushes were about fifteen feet high"; that the plaintiff ran into the rear of the truck; that he (the driver) did not see the plaintiff until he ran into the

truck; and that he picked the plaintiff up and carried him to the hospital.

Thomas Powers, the helper on the defendant's truck, testified that when the truck was travelling down Bellevue Road it was operated about three and a half feet from the grass edge of the roadway; that it was travelling at a speed of about fifteen miles an hour; and that before the collision he saw the plaintiff "when he shot out of the driveway." He testified that at that time the truck was about three and one half feet east of the entrance to the driveway; and that the driver jammed on his brakes, swung the truck over to the left hand side of the roadway and travelled about twenty or twenty-five feet after he first saw the boy. He further testified that the boy was about three and one half feet from the truck when he saw him shoot out of the driveway. There were no witnesses present at the place of the accident other than the plaintiff, the driver of the truck and his helper.

Upon the entire evidence a finding would not be warranted that the defendant's truck was being operated at the time of the accident in violation of G. L. c. 90, §§ 7, 14, 17, as amended, or of other statutory provision, nor is there evidence tending to show negligence of the defendant's driver in the operation of the truck. *Lovett v. Scott,* 232 Mass. 541. *Larkin v. Boston Elevated Railway,* 253 Mass. 318. The plaintiff testified that before leaving the sidewalk on Bellevue Road he looked in both directions on Bellevue Road and down Barnard Avenue to see if there was any traffic coming; that he saw none and did not hear any signal; that he "just went down the hill and was hit by the truck, that is all"; that "when he left the northerly sidewalk . . . he had his scooter with him; that he put his hand on the handles and his left leg on the board and pushed the scooter along with his right leg; that he was going along slowly with his right foot on the ground pushing it along; and that he had his foot off the ground some of the time." He further testified on cross-examination that he put his left foot on the "scooter" and gave it a shove and went out into the street a distance of ten feet from the sidewalk to the place where the accident happened; and that he never

saw the defendant's automobile and did not remember hitting it. The plaintiff is bound by his testimony. *Roselli* v. *Riseman,* 280 Mass. 338.

The evidence considered most favorably to the plaintiff fails to show negligence on the part of the driver of the truck. *Larkin* v. *Boston Elevated Railway,* 253 Mass. 318, and cases there cited.

All the plaintiff's exceptions to the admission and exclusion of evidence have been considered; they need not be dealt with in detail; it is sufficient to say that they fail to show any error of law.

As upon the entire evidence it could not properly be found that the accident was due to negligence of the defendant's driver, it is unnecessary to decide whether the plaintiff was in the exercise of due care. The trial judge rightly directed a verdict for the defendant.

*Exceptions overruled.*