JOHN M. LANDRIGAN *vs.* METROPOLITAN TRANSIT AUTHORITY.

Suffolk. April 7, 1952. — May 5, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Negligence*, Street railway: collision with vehicle; Contributory; Motor vehicle. *Evidence*, Presumptions and burden of proof. *Motor Vehicle*, Ownership, Registration. *Partnership*, Partnership or individual transaction.

Evidence of the circumstances in which a motor truck proceeding on a highway divided by a street railway reservation, while turning to the left onto a crossover crossing the reservation, was struck by a street car approaching from its rear warranted findings that the operator of the street car was negligent and that the operator of the truck was in the exercise of due care.

In an action for damage to a motor truck and personal injuries of its owner resulting from a collision, the defendant had the burden of proving that the truck was illegally registered as alleged in the answer.

Evidence warranted a finding that a motor truck purchased for use in the business of a partnership but paid for in most part by one of the partners personally became owned by him as an individual, so that registration of the truck in his own name was not illegal.

TORT. Writ in the Superior Court dated January 14, 1948.

The action was tried before *Brogna*, J.

*David L. Martin*, for the defendant.

*Thomas F. Daley, Jr.*, (*Dana J. Kelly* with him,) for the plaintiff.

WILLIAMS, J. This is an action of tort to recover compensation for personal injury and property damage alleged to have resulted from a collision on June 19, 1947, of the plaintiff's truck with an electric street car of the Boston Elevated Railway Company on Commonwealth Avenue in Boston. Metropolitan Transit Authority has been substituted as defendant for the Boston Elevated Railway Company and is hereinafter referred to as the defendant. In its answer the defendant alleged that the plaintiff was

not in the exercise of due care and that the truck involved in the accident was illegally registered. The judge denied a motion by the defendant for a directed verdict and the jury returned a verdict for the plaintiff on each of the two counts of the declaration. To the denial of its motion the defendant excepted.

It was agreed at a pre-trial hearing that Commonwealth Avenue was a public highway. At the place of the accident it was divided into two roadways or lanes by a reservation on which the street cars of the defendant were operated. These roadways were connected at intervals by spaces in the reservation called crossovers over which vehicles could cross from one roadway to the other. There was evidence that at the time of the accident the plaintiff was riding in a truck driven by one Sullivan who was employed by Tracy Chair Company, a partnership of which the plaintiff was a member. The truck was being used on partnership business and was proceeding on the so called inbound roadway toward Boston, about fifteen feet to the right of the reservation. Its speed was from twenty to twenty-five miles per hour. As it neared one of the crossovers Sullivan slowed down, put out his hand, and turned to his left at an angle of forty-five degrees, intending to cross to the outbound roadway. A two car train of the defendant going toward Boston on the reservation was approaching the crossover from the rear of Sullivan. There were various estimates of its speed, but its operator testified that it was proceeding at about fifteen miles per hour. He said that in the circumstances he could stop the train in a distance of from seven to eight feet. The train and the truck collided at or near the right rail of the inbound track and the two vehicles with the right front of the street car and the left front of the truck substantially in contact continued along the track thirty to forty-five feet. There was testimony from an operator of an automobile which was following the truck that when the truck was "just about on the crossing" the street car was fifty to sixty feet away from it.

On this evidence it could not have been ruled as matter

of law that the driver of the truck was not in the exercise of due care. It was a question of fact whether in view of the distance the train was from the crossover and the speed at which it was travelling he should have attempted to cross the track in front of the train. It was also a question of fact whether in the circumstances the operator of the train could or should have slowed or stopped his train before reaching the crossover. The issues of Sullivan's due care and the negligence of the operator of the train were for the jury. See *Riley* v. *Boston Elevated Railway*, 265 Mass. 176, 178; *Guay* v. *Eastern Massachusetts Street Railway*, 277 Mass. 133; *Diamato* v. *Eastern Massachusetts Street Railway*, 296 Mass. 476. Compare *Glennon* v. *Boston Elevated Railway*, 251 Mass. 103; *Larkin* v. *Boston Elevated Railway*, 253 Mass. 318; *Behmer* v. *Worcester Consolidated Street Railway*, 253 Mass. 494.

The evidence as to the alleged illegal registration of the truck was as follows. The plaintiff was a partner with one Tracy and engaged in the business of renting chairs under the name of Tracy Chair Company. The chassis and the body of the truck had been bought separately on January 23, 1947, to be used in the partnership business. The chassis was purchased by the plaintiff who paid $2,030.40 for it out of his own money or that of his wife. The cost of the body was $928, of which sum the plaintiff paid $428 and the chair company $500. The company did not have sufficient funds to pay the entire purchase price. The plaintiff registered the truck in his own name on January 29, 1947, stating in his application for registration that the truck was owned by him as an individual. There had been no understanding between the partners as to how the title to the truck was to be held. Tracy testified that he learned of the registration of the truck in the plaintiff's name one or two months after the registration was effected. The truck was not used again in the company's business after the accident.

We assume that if title to the truck was in the partnership rather than in the plaintiff it was illegally registered, and the plaintiff would be barred from recovery in this action. *Kil-*

*duff* v. *Boston Elevated Railway*, 247 Mass. 453. *Furtado* v. *Humphrey*, 284 Mass. 570. G. L. (Ter. Ed.) c. 90, § 9, as amended. The burden of proving that it was not registered as required by law was on the defendant. *Burns* v. *Winchell*, 305 Mass. 276, 278. The statement by the plaintiff in his application for registration that he owned the truck as an individual was some evidence that he was the sole owner. *Burns* v. *Winchell, supra*, page 280, and cases there cited. Although the truck was purchased for use by the partnership, much the greater part of the purchase price was supplied by the plaintiff. There was no prior understanding as to how the title should be held and, in the absence of evidence that Tracy objected to the registration in the plaintiff's name after he learned of it, it could be inferred that he had acquiesced in the plaintiff's taking title. We think the question of ownership was for the jury. There was no error in the denial of the defendant's motion.

*Exceptions overruled.*