WILLARD C. COUSINS *vs.* MARY H. CUMMINGS, administratrix.

Middlesex.   March 8, 1955. — June 6, 1955.

Present: QUA, C.J., RONAN, WILKINS, & WILLIAMS, JJ.

*Negligence,* Motor vehicle, Horse, Contributory.

Evidence of the circumstances in which a show horse being ridden in a dirt gutter between the travelled way and a grassed area at the right side of a street was struck from behind by planks protruding from a trailer attached to an automobile which the rider of the horse had seen overtaking him did not require a ruling that the rider did not exercise due care and warranted a finding of negligence on the part of the operator of the automobile.

TORT.   Writ in the Superior Court dated July 25, 1951. The action was tried before *Hurley,* J.

*Mayo A. Darling,* for the defendant.

*John E. Leggat,* for the plaintiff.

WILLIAMS, J.   This is an action of tort originally brought against one Lester H. Cummings to recover for injury to the plaintiff's horse caused by the alleged negligent operation of the defendant's automobile.   Cummings died before the trial and his administratrix was substituted as defendant. There was a verdict for the plaintiff and the case is before us on the defendant's exception to the denial of her motion for a directed verdict.

There was evidence that in the afternoon of July 4, 1951, a registered Palomino show horse, owned by the plaintiff, was being exercised for his benefit by one Brown on Park Avenue in Pepperell.   Brown rode the horse at a walk from a driveway, crossed the avenue, and proceeded in a northerly direction along the farther, or what appears to have been the easterly, side of the road.   As he left the driveway he noticed an automobile two hundred twenty-five to two hundred fifty feet away approaching from his right at an

estimated speed of between fifteen and twenty miles per hour. Brown rode along a "dirt gutter." To his right was a "grassy" shoulder two or three feet wide between the road and a fence bordering a cemetery. From photographs which are in evidence this shoulder appears to have been somewhat higher than the road and to have been no part of the travelled way. Brown looked behind him and saw that the automobile which in fact was operated by Cummings, hereinafter called the intestate, had come approximately one half of the distance it was from him when he first saw it. He noticed that a trailer was attached to it from which boards were sticking out "maybe three feet" from its right hand side. The "vehicle itself was roughly four or five feet out towards the center of the road from the path that he was riding the horse in. . . . [T]he extension of the planks was enough to come pretty close to covering the path he was traveling." As the trailer passed Brown the boards or planks with which it was loaded struck and injured the horse. This occurred about two hundred feet north of the driveway. The road was sufficiently wide for vehicles to pass each other and there was no other traffic in the vicinity.

The contentions of the defendant that as matter of law Brown did not exercise due care and that there was no evidence of the intestate's negligence seem to us to be without merit. It could have been found that there was no such threat of danger from the automobile which was following Brown on the right of the road that in the exercise of care for his safety he should have left the road and ridden upon the grass. He might well have believed that the operator of the automobile was aware of the position of the load on the trailer and would naturally vary his course so as to pass horse and rider in safety.

The record discloses no explanation by the defendant as to why the intestate operated his automobile with the protruding planks and caused them to come in contact with the plaintiff's horse. Although the mere occurrence of the collision was not evidence of his negligence, *Reardon* v.

*Boston Elevated Railway*, 247 Mass. 124, his acts, unexplained, warranted an inference based on common experience that in the circumstances he would not have struck the horse if he had been careful. See *Hollidge* v. *Duncan*, 199 Mass. 121; *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54; *Riley* v. *Boston Elevated Railway*, 265 Mass. 176, 178, and cases cited; *Bryne* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 130. We think that the plaintiff made out a prima facie case and that the jury could have found in the circumstances that Brown exercised due care and that the intestate was negligent.

*Exceptions overruled.*