No. 426155

## EUGENE PORTANOVA
v.
## SOMERSET HOTEL CORP.

(March 22 — May 20, 1957)

*Present:* ADLOW, C. J., BARRON AND ROBERTS, JJ.

*Roberts, J.* This is an action of tort and contract in which the plaintiff seeks to recover for property damage to an automobile which was in his possession and which was allegedly badly damaged due to the defendant's negligence after he had entrusted it into the care and custody of the defendant, its agents or servants, for safeguarding and protection. The answer

as material is a general denial and contributory negligence.

*There was evidence of the following facts*: On December 16, 1953, the employees of the Hood Rubber Co., of whom the plaintiff was one, held a Christmas party at the hotel in Boston operated by the defendant. The party began at about 5:30 p.m. with dinner which was followed by dancing. Drinks were sold to the group by the defendant during the evening. The plaintiff, operating his father's automobile with his father's permission, intended to go to the party and stay for about one hour. He was unable to find a parking space around the hotel, but at about eleven p.m. he noticed the defendant's doorman apparently taking charge of cars. The doorman told him to leave his car double parked in front of the hotel, with the ignition keys in it, and he would care for it. The plaintiff did as instructed and went into the hotel. He stayed for about one hour and while there purchased a drink at the bar operated by the defendant. He did not tip the doorman.

The doorman whom the plaintiff identified as the one to whom he had entrusted his father's car, testified that it was the custom for patrons of the hotel to leave cars double parked in front of it; that sometimes he instructed people to leave their cars there with the keys in it so that he can move the car to the curb if a space becomes available; that sometimes he tells such people that he will take care of their cars; that there were two doormen on duty on December 16, 1953, and that one is always on the sidewalk in front of the hotel, although on some occasions, both may be inside the hotel at the same time, carrying luggage to the inside lobby or visiting the employees' commissary downstairs.

Upon leaving the hotel, the plaintiff discovered that his father's car was missing, and he could not locate the doorman to whom he had entrusted it. Later the police found the car abandoned and in a

damaged condition at a spot a considerable distance from the defendant's hotel. There was no evidence as to how it had gotten there, but the key was in the ignition lock.

At the close of the evidence, the defendant made the following requests, on which the court ruled as indicated:

"1. A guest within the meaning of the rules of law pertaining to the relation of innkeeper and guest . . . is a transient person who resorts to and is received at an inn for the purpose of obtaining accommodations which it purports to afford. *Granted.*

2. A guest may come from some distance or live in immediate vicinity of an inn 'But it is essential that the person should be a transient, that is, that he should come to the inn for a more or less temporary stay.' " *Granted.*

3. A person who visits an inn or hotel to participate in a Christmas party being held at said inn or hotel and not for the purpose of staying at said hotel overnight is not a guest within the usual meaning of innkeeper-guest relationship. *Granted.*

4. *The evidence does not warrant a finding for the plaintiff. Denied.*

5. An innkeeper is not liable for losses sustained by a guest to his automobile except by the negligence of the innkeeper, his agents or servants. *Granted.*"

The court found the following facts:

"I find that the defendant's employee was negligent in the manner in which he cared for the plaintiff's automobile which was left with the key in its ignition lock, at the suggestion of said employee, to enable the plaintiff to resort to the hotel and its facilities."

The court found for the plaintiff in the amount of $328.88. The defendant claiming to be aggrieved by the court's denial of its request for ruling No. 4 and by the finding, the matter was reported to this court for determination.

There was no error.

A bailment was created between the parties. Bailment is a contractual relation which is based upon the element of lawful possession and duty to account for the subject matter as the property of another. The degree of care required of the bailee depends upon the benefits to be derived from the relationship. Where the bailment is for the mutual benefit of the parties, it devolves upon the bailee to use ordinary care and diligence in the safeguarding of the bailor's property, and it is liable for loss resulting from failure to exercise ordinary care. *Doherty v. Ernest*, 284 Mass. 341; *Sandler v. Commonwealth Station Co.*, 307 Mass. 470; *Stevens v. St. Botolph Holding Company*, 316 Mass. 238.

The defendant's doorman agreed to take care of the plaintiff's father's car, and in consideration therefor, an inference of which the defendant admits on oral argument, the plaintiff resorted to the hotel and its facilities. The bailment, then, was for the benefit of both parties, and the defendant was answerable for loss resulting from its ordinary negligence.

The defendant contends, however, that since there was no evidence as to how the vehicle in question was damaged, no inference of negligence can be drawn. The defendant, of course, was not an insurer of the automobile. It was bound, however, to use "the quantity and quality of care which, under similar circumstances, a reasonably careful man would use with respect to his own automobile." *Sandler v. Commonwealth Station Co.*, 307 Mass. 470; *Butler v. Bowdoin Sq. Garage*, 329 Mass. 25.

The absence of the plaintiff's father's automobile was not accounted for in any way other than that, when it was recovered, by the police, it was a considerable distance from the defendant's hotel and was damaged. It was a reasonable inference, therefore, that it had been stolen. If the theft occurred when

an attendant was present, a finding was warranted that he was negligent in not knowing of the attempt to steal and preventing it. If, on the other hand, the theft occurred when no attendant was present, no precautions whatever were then being used by the defendant to protect the plaintiff's automobile. It could have been found that the theft of the plaintiff's automobile was a natural and probable result of negligence for the consequences of which the defendant was responsible. *Sandler v. Commonwealth Station Co.*, 307 Mass. 470, 474; *Greenberg v. Shoppers' Garage, Inc.*, 329 Mass. 31.

Nor was the plaintiff contributorily negligent in allowing his vehicle to remain with the keys in the ignition. The defendant assumed full responsibility for the safety of the automobile when the doorman instructed the plaintiff to leave the ignition keys in it. Its acceptance by the defendant under such circumstances imposed upon it due care for its safety and protection. "The liability of the defendant as a bailee for hire is not affected by reason of the knowledge of the owner as to the manner in which, or the place where, the property was kept." *Stevens v. Stewart-Warner Speedometer Corp.*, 223 Mass. 44, 46.                    *Report dismissed.*

Sidney Blumenthal, for the Plaintiff.

Richard D. Hewes, for the Defendant.