Barron, J.
This is an action of contract or tort in which the plaintiff seeks to recover for loss of goods stored in a locker rented by the plaintiff from the defendant for a consideration. The declaration contains three counts, first count is for breach of contract, second count for negligence, and the third for conversion.
The answer is a general denial and limitation of liability. At the trial there was evidence tending to show that the defendant is engaged in the business of renting individual lockers in public places such as railroad and bus terminals to persons who want to check their luggage or any other personal property. The defendant owns and provides the lockers and places them in such places.
On June 3, 1945 the plaintiff stored his bag, containing personal clothing and other personal effects, in such a *44 locker after depositing a ten cent coin, which is the charge for the nse of the locker for a period not exceeding twenty-four hours, and taking the released key with him. Upon returning the next day, within the twenty-four hour period, the plaintiff opened the locker and found the contents gone.
The locker used by the plaintiff is one of a group located in the Dewey Square entrance to the South Station railroad terminal. They were constructed of one sixteenth inch steel and were arranged in tiers of four lookers each. There are “Directions” stamped on the door of the locker next to the top locker in each tier. These directions are stamped in a space about five inches in width and five and one half inches in length. A copy of said “Directions” as they appear on the door of the locker was shown to this Division at the time of the arguments. The “Directions” contain method for operation of the looker, the maximum rental period of 24 hours, the consideration of ten cents, the limitation of the liability to $10. The plaintiff takes the key to the locker and is free to place whatever he wishes in the locker and remove it when he pleases without knowledge of or notice to the defendant of the deposit or the removal.
To make use of the locker the depositor opens a door, places his property inside the looker, places a ten cent coin in the slot which is part of the lock and turns the key which is inserted in the lock, whereupon the door is locked and the key is released into the possession of the depositor. This is the type of key the plaintiff took with him. In addition to this lock, the locker contains another lock, the key to which is never given out, but is always in the possession of the defendant. This key enables the defendant to remove the entire lock of each locker and open each looker without use of the key released to the depositor. It was the practice of the defendant to remove goods stored in such lockers after the twenty-four hour period.
*45 The plaintiff had used the same type of locker before and had seen the notice.
There was also evidence that on the same day three other lockers in this- group were broken into and contents stolen.
The plaintiff claims to be aggrieved by the court’s denial of the following requests for rulings- and the ruling of law as hereinafter set forth:
1. The evidence warrants a finding for the plaintiff. 2. The plaintiff’s deposit of goods in the receptacle or locker provided by the defendant and the payment of the charge therefor, the defendant also having access to the contents in said receptacle or locker, constitutes a bailment for hire of the said contents. 3. The plaintiff’s deposit of goods in a receptacle provided by the defendant, and the payment ' of the charge therefor, constitutes a bailment for hire notwithstanding the depositor takes away the only key thereto. 6. It is foreseeable that persons are likely to be tempted to break open lookers which are in easily accessible or public places and unguarded. 7. The defendant is liable if the locker in which the plaintiff’s goods were stored was broken into and contents stolen, if such acts should have been anticipated and guarded against. 8. Merely posting a notice on bailee’s premises, limiting liability for loss of personal property bailed for hire, is not enough to constitute a contract for such limitation.
The court disposed of the above requests as follows:
1. Denied. 2, 3, 6, 7, 8 Denied, immaterial. See voluntary ruling of law.
The court found for the defendant and made the following ruling of law: “I rule that the relationship between the plaintiff and the defendant as disclosed by the evidence in this case is that of licensor and licensee, and not that of bailor and bailee”.
*46 The court’s ruling of law is correct. The contract between the parties gave the plaintiff a license to occupy under the defendant who was the owner. It did not give the plaintiff exclusive possession of the looker. Where there is no exclusive right to possession in the plaintiff and no title vests in him, but general control of the locker remained in the defendant with merely a right to occupy under the owner, the relation is that of licensor and licensee. Jones v. Donnelly, 221 Mass. at 213, 217, 218. R. H. White Co. v. Remick & Co., 198 Mass. 41. Roberts v. Lynn Ice Co., 187 Mass. 402.
The plaintiff’s contention that the relationship between the plaintiff and the defendant is that of bailor-bailee is not correct.
The essential elements of a bailment are lacking. A bailment always involves a delivery of personal property bailed for some special object or purpose, and on a contract, express or implied, that the trust shall be executed and the property returned by the bailee as soon as the purposes of the bailment shall be answered.
The term “bailment’’'denotes the possession of a chattel, rightful as between the parties to the bailment, by one not its owner. Amer. Law Inst. Security ch. 1, sec. 1f. 6 Amer. Jr. s. 4, pp. 140-141. In re Shiffert, 281 Fed. Rep. 284. Cornelius v. Berinstein, 50 N. Y. S. (2) 186; 183 Misc. 685.
In this case, there was no personal property delivered by the plaintiff to the defendant. There was merely a letting of space by the defendant to the plaintiff, where the plaintiff mig’ht leave his property and a payment by the plaintiff of ten cents for the use of said space.
The plaintiff could remove the articles without any interference by the defendant. The defendant had no custody or possession of the property. There was no acceptance of *47 the property by the defendant for any purpose, and therefore there was no bailment.
“It is plain the law does not thrust upon one the liabilities of a bailee without his knowledge or consent, and equally obvious that while an acceptance may be implied the law will not infer such until there is something to show notice or knowledge of the alleged bailee that the goods are in fact in his possession.” Schulte v. North Terminal Garage Co., 291 Mass. 251, 256.
“No man can be made a bailee of another’s property without his consent, and there must be a contract express or implied, to induce a liability.” Foster v. Essex Bank, 17 Mass. 479, 498.
The locker was a self-service one. When plaintiff left his goods in the looker, he knew it was in an unguarded public place, a public terminal over which the defendant had no control, and that there were no attendants assigned to guard the locker. The parties did not deal with each other in person. The defendant had no specific knowledge of what was stored. When the plaintiff placed the articles in the locker he knew that the only protection he was receiving for his property was a door locked by a key left exclusively in his possession, and a receptacle of steel. This was all he ', contracted for with the defendant. When the plaintiff deposited the ten cents for the space in the locker, he did not contract with the defendant for a personal guard over his effects, nor did the defendant guarantee to him the integrity and honesty of every human being who passed through the terminal.
The cases of Doherty v. Ernst, 284 Mass. 341, and Sandler v. Commonwealth Station Co., 307 Mass. 470 cited by the plaintiff rest upon different facts than those appearing in the present case. The transaction of the parties was not *48 merely the letting of space. 'There the defendant took possession of the plaintiff’s property and had control of it.
There was no bailment and no evidence of negligence on the part of the defendant which would warrant a finding for the plaintiff, and therefore there was m error in denying requests Nos. 1, 2 and 3. Request No. 6 was for a finding of fact and therefore properly denied. Ashapa v. Reed, 280 Mass. 514, 516. Castano v. Leone, 278 Mass. 429, 431.
Request No. 7 was based upon the assumption that defendant should have guarded the locker, which was not a fact found by the court and was therefore properly denied. Stein v. Almedar, 253 Mass. 200, 205.
Request No. 8 was immaterial inasmuch as the court ruled that defendant was not a bailee and found no liability. Report dismissed.