*Municipal Court of City of Boston*

No. 347569

## LOUIS HALL

v.

## WILLIAM LYNDON

(June 24, 1953)

*Riley, J.* This is an action of tort or contract in which the plaintiff alleges negligence in the care of his automobile and seeks the recovery of damages to said automobile which he had parked for a consideration, on a public parking lot of the defendant.

The following is the entire recital of evidence set forth in the report of the trial judge as being all of the evidence material to the question reported.

"The plaintiff testified that he is a dog kennel operator and that he drove his auto to the Dog Show at Mechanics Building, Huntington Ave., Boston, on February 22, 1952; that on arriving at the entrance to the rear of Mechanics Building, he paid the defendant's attendant the parking charge; that he was given a ticket stub by the attendant; that he was directed to a place just left of the center of the yard; that he was directed to 'place' his auto by another attendant; that he locked his car and took his key with him.

"The plaintiff testified that all of this occurred about 10:00 a.m. at which time said auto was undamaged.

"The plaintiff further testified that he returned for his auto about 9:00 p.m.; that the exhibition closed at 10:00 p.m.; that on his return he discovered that his car was damaged; that he looked about for an attendant; that he saw none; that it was very cold; and that snow had fallen lightly from about mid-day, leaving a light cover over the already snow-and-ice patched ground. The plaintiff added that he then drove up the ramp; that he stopped and looked into the

attendant's hut but saw no one there; that he drove home to Holliston; that he returned in the same car for the second day of the two-day Dog Show; that he drove the auto to the yard entrance and called the attendant's attention to the extensive damage to the grille, headlamps and fenders.

"The plaintiff testified that the repair bill was $280.00.

"The defendant Lyndon testified that he leased the lot where the car was parked from the railroad; that a limited group of people, all known to him and his attendants, who did business with the railroad were permitted to drive through the same entrance and across the lot used by the plaintiff, and to park free of charge in the railroad yard."

At the proper time the plaintiff duly filed the following requests and the judge acted upon them respectively as indicated.

1. The proprietor of a public parking area who allows vehicles to be parked in the area on payment of a charge is a bailee for hire of parked vehicles, and as such is under a duty of care to return vehicles in as good condition as when received. *Doherty v. Ernest,* 284 Mass. 341, 4. *Yes.*

2. Upon all the evidence and the law, there was evidence that the defendant was a bailee for hire. *Yes.*

3. Upon all the evidence and the law, there is evidence that the defendant was negligent. *No.*

4. Upon all the evidence and the law, there is evidence that the plaintiff was in the exercise of due care. *Yes.*

5. There is no evidence that the plaintiff was notified of the non-liability of the defendant. *Yes.*

6. Any limitation on the defendant's liability by language on the parking stub, given to the plaintiff but not read by the plaintiff, does not warrant a finding for the defendant. *Sandler v. Comm. Pk.* 307 Mass. 472. *No evidence on this point; immaterial.*

7. The receipt was not the contract freeing the apparent bailee from all responsibility. *Sandler v. Comm. Pk. See #6.*

8. There is evidence that the defendant was

negligent in failing to maintain adequate surveillance over the plaintiff's car. *No.*

9. A finding is warranted that a person of ordinary intelligence in the position of the plaintiff might properly assume from the requirement of a fee for the privilege from the owner of a public parking lot, of parking his car on said lot that the owner assumed responsibility for its care (i.e. care of the car.) *No. I find plaintiff locked car and had privilege only of parking it. I do not find defendant assumed any other obligation toward plaintiff except to act with care in the management of lot.*

10. On all the evidence, where the plaintiff parked his undamaged car on defendant's public parking area, and where the plaintiff returned and found said car damaged, and inference is warranted that the defendant did not exercise proper precaution to safeguard the property entrusted to it by the plaintiff. *No. I find that others than defendant or persons for whom he was responsible had privilege of using this lot. I do not find plaintiff ever claimed damage or notified defendant.*

The court found for the defendant generally.

The plaintiff claiming to be aggrieved by the denial of his requests numbered 3, 8, 9 and 10, brings this report.

The trial judge's denial of requests numbered 3 and 8, requires very little comment, because a reading of all the evidence appearing in the report, as recited above, discloses no evidence of negligence whatsoever. The fact, unexplained, that the plaintiff's car was damaged is not evidence of negligence. Those requests were properly denied.

A reading of the other two requests, those numbered 9 and 10, to the denial of which the plaintiff claims to be aggrieved, shows that the plaintiff assumes not only that the evidence warranted a finding that a contract of bailment existed, but that he also assumes that a finding that a bailment did in fact exist, had to be made by the trial judge. In other words he contends that the only conclusion

the trial judge could possibly arrive at is, that there was a bailment.

In fact, a reading of all the plaintiff's requests, both those granted and those denied, discloses his sole contention to be that the evidence and the inferences to be drawn therefrom compelled the trial judge to find that a contract of bailment existed, and consequently that the defendant as such a bailee must be responsible for the damage sustained to his automobile while in the custody of the defendant as such a bailee.

The plaintiff's counsel in argument before this division stressed that the trial judge by granting his request numbered 2 must have determined that a bailment did in fact exist, which of course is not true. It having been granted at the plaintiff's request, he cannot be aggrieved thereby unless the judge's action erroneously affects the general finding.

It is plain that the trial judge in disposing of requests numbered 9 and 10, made a definite finding of fact that there was no bailment established between the parties, and that the defendant only agreed to provide space wherein the plaintiff could park his car. It is equally made plain that these findings of fact were intended to stand as such, even if ruling numbered 2 were erroneous. *Brodeur v. Seymour,* 315 Mass. 527 at 529, 530.

All of the cases cited by the plaintiff in his lengthy brief have been read by us and appreciated for what they are. They all relate to bailments and each one possesses the one fact that the instant case does not possess, to wit, "The existence of a bailment in fact."

The evidence in the instant case does not permit of a finding that the defendant ever acquired an independent and temporarily exclusive possession of the plaintiff's automobile, which is an essential elemen of a bailment. There is nothing indicating that possession and control, actual or constructive, was given to or assumed by the defendant.

No contract of bailment between the parties having been established there can be no negligence

in a breach of a duty that does not exist. "One who merely lets automobile parking privileges is not a bailee of the parked car, and consequently, is under no duty to guard against loss by theft or fire."

*Williston on Contracts, Revised Edition*, Vol. 4, sec. 1065A. And by the same token he is under no duty to guard against damage to the property of which he has never assumed control. *Osborn v. Cline*, 263 New York 434; *Thompson v. Mobile Lt. & Ry. Co.*, 211 Alabama 525; *Suits v. Electric Park Amusement Co.*, 213 Mo. App. 275; *Lord v. Oklahoma State Fair Ass'n.*, 95 Oklahoma 294.

Report dismissed.

McCourt and Blumenthal, for the plaintiff.
Richard J. Ferriter, for the defendant.