*Municipal Court of the*
*City of Boston*
No. T-12656

## ZEAL M. GIBSON, ET AL

v.

## HOTEL CORP. OF AMERICA, ET AL

Argued: Nov. 18, 1966. Decided: Nov. 25, 1966.

*Present:* Adlow, C.J., Lewiton, Morrissey J.J.

Case tried to *Foster, J.* in the Municipal Court of the City of Boston No. T-12656

Adlow, C.J. Action of tort in which the plaintiff seeks to recover damages for items stolen from a motor vehicle and property damage caused to said vehicle while parked in the lot of the defendant Charter House of Massachusetts, Inc.

*At the trial there was evidence tending to show that* the plaintiff, Zeal M. Gibson checked in at the Charter House Motel in Cambridge on July 26, 1963 and parked his car in the open lot across the street. The lot was provided for guests and when the car was first put on the lot there was an attendant on duty. The plaintiff used the lot for his car for the next few days. On Sunday, July 28th when he went to get his car from the said lot, there

was no attendant on duty and his car was gone. The theft was reported to the police and the car was subsequently found by them damaged and with some personal property belonging to Merck & Co., Inc., missing. The amount of damages found by the court was agreed by both parties. It was agreed by the parties that the defendant, Charter House of Massachusetts, Inc. was in control of said parking lot. At all times the keys to the car were in the possession of the plaintiff, Zeal M. Gibson.

The court ruled in accordance with the request of the defendant that in order to recover for the stolen items, the plaintiff must prove negligence but refused to rule as requested by the defendant that the evidence does not warrant a finding that the defendant, its agents or servants were negligent. There was a finding for the plaintiff, Zeal M. Gibson for $440.00 for damage to the car, and for the plaintiff Merck & Co. for $395 for valuables stolen from the car. Being aggrieved by the rulings and findings the defendants bring this report.

As a general proposition one who merely lets an automobile parking privilege is not a bailee of the parked car, and is under no duty to guard against theft or fire. 4 Williston on Contracts (Rev.Ed.) § 1065-A.

While the parties in this cause have treated the arrangement between themselves as a bailment, actually the plaintiff at all times had control over his car, retaining the keys, and

coming and going as he pleased. There was no delivery of custody or control sufficient to create a bailment. The relationship is rather that of licensor and licensee than of bailor and bailee. *Chafetz* v. *American Locker Co., Inc.,* 62 App. Div. BMC, 226. It has been held by this court that where one parked a car in an open lot for a consideration and retained the keys after locking the car, there was no bailment. *Hall* v. *Lyndon,* 6 Mass. App. Div.

█ However, in view of the reported evidence, it is immaterial whether we are dealing with a bailment or a license. Even if it were a bailment there is no evidence whatever to suggest that the defendant had any knowledge that the car contained anything of value when the car was parked on its lot. In the absence of such knowledge of the contents, there can be no recovery for their loss. *Rogers* v. *Murch,* 253 Mass. 467, 471. *D. A. Scultz* v. *North Terminal Garage Co.,* 291 Mass. 251. *Clark* v. *Checker Taxi Co.,* 330 Mass. 20, 22. *Thissell* v. *Motor Mart Garage Co.,* 62 App. Div. BMC 135. These cases are to be distinguished from those where the garageman accepted custody of cars after being advised that they contained valuable articles. *Stevens* v. *St. Botolph Holding Co.,* 316 Mass. 238. *Greenberg* v. *Shoppers Garage,* 329 Mass. 35, or where the parking lot operator requested that the car owner leave the keys in the car and he complied. *Sandler* v. *Comm. Service Station,* 307 Mass. 470.

 Again proceeding on the theory that we are dealing with a bailment, the right of the plaintiff to recover for the damage to his car depends on whether the defendant was negligent.

 Because the car was stolen does not permit a presumption of negligence. The burden was on the plaintiff to prove such negligence. 244 Mass. 57.

 Having provided an open air lot, in close proximity to its motel, to which guests could bring their cars and park them, it is difficult to conjure up how much more the defendant could be expected to do in the performance of its undertaking to provide a place to park. This is not a case where agents of the defendant took charge of the car and moved it onto the parking lot. There is evidence in the report that there was an attendant on the lot when the plaintiff arrived with his car. Just what he was doing there does not appear. His duties might have been confined to keeping strangers or trespassers off the lot. Whatever his function, it does not appear that he took over the custody or control of the car as appeared in *Sandler* v. *Comm. Service Station* (supra), or that any representations were made to the plaintiff before he parked his car as to how much personal attention would be given the parking lot by motel employees while his car was on its property. Having provided a place for the plaintiff to park his car under conditions

where he could retain the keys to it and come and go as he pleased, we fail to discover any default in the defendant's conduct for which it is answerable in a negligence action. The facts in this case are less favorable to the plaintiff than those in *Hanna* v. *Shaw* (supra) where the court ruled that there was no negligence.

In refusing to rule as requested by the defendant, that the evidence did not warrant a finding of negligence, the court erred.

**Finding for plaintiffs vacated. Finding to be entered for the defendant.**

PHILIP S. NYMAN

of Boston for the Plaintiff

HARVEY E. SELETSKY

of Boston for the Defendant