*Municipal Court of the City of Boston for Civil Business*

No. T-15370

## DANIEL C. MILLER

v.

## COMMONWEALTH MOTOR HOTEL, INC.

Argued: June 7, 1968   Decided: June 19, 1968

*Present:* Adlow, C.J.; Foster, J.; Gorrasi, Sp. J.

*Adlow, C. J.* On May 22, 1966 the plaintiff registered as a guest at a motel operated by the defendant at 575 Commonwealth Avenue, Boston. The motel is built on pilings permitting parking of cars under the structure. This area was open on three sides, and was available to guests of the motel for parking. A guest was permitted to choose any free space in the area to park his car, and when he did so he retained the key. There was no attendant on the lot, but during the night a watchman patrolled the area. In addition a closed-circuit television permitted the defendant's agent to scan the area.

On May 23, 1966 at 9:00 p.m. the plaintiff drove his car into the area, selected a parking space, parked his car, locked the vehicle and retained the key. On May 24, the plaintiff returned to the parking area at 6:00 p.m. and found that his car had been stolen. He immediately reported the theft to the defendan't desk clerk and to the police. The car has never been recovered.

At the close of the evidence the defendant requested the court to rule that the evidence required a finding for the defendant. The court refused to so rule and found for the plaintiff in the sum of $5,814.00. Being aggrieved by the finding and ruling the defendant brings this report.

This ruling should have been granted. We are not concerned with the issue raised by the

defendant based on its claim that in registering as a guest the plaintiff waived any right to claim for loss or damage to his car. This ruling might have been pertinent to the issue if the car had been put in the control of the defendant and a bailment actually created. In such circumstances, whether or not the signing of the waiver was binding might have been relevant. *Sandler* v. *Commonwealth Sta. Co.*, 307 Mass. 470. *Kergald* v. *Armstrong Transfer Co.*, 330 Mass. 254.

In the instant cause there would be no duty on the defendant to protect the plaintiff's car unless there was an undertaking by the defendant to be responsible for its protection and care. No such undertaking appears in this report. "One who merely lets automobile parking privileges is not a bailee of the parked car, and consequently is under no duty to guard against loss by theft or fire." Williston on Contracts, Rev. Ed., Vol. 4, § 1065A.

While the defendant motel operator may have been a bailee with respect to the personal effects of the plaintiff which were brought inside the motel, there was no such delivery of custody or control of the automobile. At all times the plaintiff was free to move it or drive it away. The key was continuously in his possession, and he came and went with his car as he pleased and without advising the motel owner of its arrival or departure.

The facts in issue differ from those in *Stev-*

*ens* v. *Stuart-Warner Speedometer Corp.*, 223 Mass. 44, 46, and in *Doherty* v. *Ernst*, 284 Mass. 341.

With respect to the car the relationship was that of licensor and licensee.

It was error to allow a recovery by the plaintiff.

See also *Hall* v. *Lyndon*, 6 Mass. App. Dec. 1. **Finding for the plaintiff vacated. Finding to be entered for the defendant.**

JOSEPH D. CLANCY
    for the plaintiff
CHARLES J. ELMORE
    for the defendant