DANIEL C. MILLER *vs.* COMMONWEALTH MOTOR HOTELS, INCORPORATED. March 2, 1971. Miller, who had been an overnight guest at a motel of the defendant (Hotels), sought in the Municipal Court of the City of Boston to recover in tort for Hotels' alleged negligence. Miller had left his automobile in Hotels' unattended parking space. Each time after he had used the vehicle' he locked it and took away the key. The vehicle was stolen from the parking place. Miller did not establish that any separate charge was made for use of the parking space or that the price of his motel room would have been lower if he had not used the space. The case (removed to the Superior Court) was transferred to the Municipal Court. G. L. c. 231, § 102C, as amended through St. 1967, c. 778. A finding for Miller was vacated by the Appellate Division and judgment for Hotels was ordered. On the Municipal Court report it could not have been found that Hotels was given complete custody and control of the vehicle. See cases collected in Williston, Contracts (3d ed.) § 1065, fn. 1. Cf. *Sandler* v. *Commonwealth Station Co.* 307 Mass. 470, 471–474 (key left in ignition at attendant's request). At a complete new trial in the Superior Court upon retransfer the trial judge correctly excluded the district judge's finding which had been vacated by the Appellate Division and thus was no longer in effect. See *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161, 164–166; *Newgent* v. *Colonial Contractors & Builders, Inc.* 348 Mass. 582, 584. The Superior Court judge, without any prior requests for instructions by Miller, gave a comprehensive charge (which made no reference to the proceedings in the Municipal Court or the Appellate Division). He reasonably declined to amplify his charge in other respects on somewhat obscure oral requests to do so. See Rule 71 of the Superior Court (1954).

*Exceptions overruled.*

*Edmund M. Pitts (Leo E. Dorfman with him) for the plaintiff.*
*Norman P. Beane, Jr., for the defendant.*

CHARLES R. HESSER *vs.* CHARLES RIVER PARK "B" COMPANY. March 2, 1971. The plaintiff appealed from a final decree declaring, inter alia, that the written lease between the parties had expired and that the plaintiff was a tenant at will. There is no doubt that the trial judge was correct. It is equally clear that this appeal is devoid of any merit. The decree is affirmed. Double costs are to be paid by the plaintiff.

*So ordered.*

*Charles R. Hesser, pro se.*
*Daniel B. Rakov for the defendant.*