*Municipal Court of the City of Boston*

No. 264290

**LUBY LEASING, INC.**

*v.*

**BACK BAY AUTO PARKS, INC.**

Argued: April 7, 1972 - Decided: April 25, 1972

*Present:* Adlow, C.J., Gillen, J., Hoag, Spec. J.
Case tried to *Gorrasi, Sp. J.*

**Adlow, C.J.** Action of tort or contract to
recover for damage to an automobile belonging

to the plaintiff, which damage was caused while the car was in the custody of the defendant, a parking lot owner.

*At the trial there was evidence that* the operator of the plaintiff's vehicle drove the car onto the lot operated by the defendant and, while the motor was running, turned the car with the keys in the ignition over to the parking lot attendant who parked the car in a space which he chose. A receipt was given for the vehicle when the attendant took control of the car. When the plaintiff's operator returned later to claim the car he gave the receipt to the attendant who went onto the lot, got the car, and brought it to the plaintiff's operator. The vehicle had been damaged while in the possession and control of the defendant. It was agreed the property damage amounted to $408.00.

At the close of the evidence the defendant requested the court to rule that the evidence required a finding for the defendant. The court refused so to rule and found for the plaintiff. The court made the following findings of fact:

> "I find that the plaintiff drove the motor vehicle to the booth, an attendant came out, gave the plaintiff part of a stub, placed the other part of the stub on the windshield and collected a parking fee. The plaintiff left the vehicle with the keys in the ignition with the motor running. The vehicle was then parked in a space chosen by the attendant.

"The plaintiff returned to claim the vehicle, presented the claim stub to the attendant, who drove the vehicle from the parking space to the plaintiff. The vehicle had been damaged while in the possession and control of the defendant. The defendant offered no explanation of the damage. I find that the defendant was negligent."

There was no error. The burden was on the plaintiff to show that the car was damaged by reason of the negligence of the defendant. *Hanna* v. *Shaw*, 244 Mass. 57. There was evidence that the defendant had accepted the car from the plaintiff while it was running and through its agent had moved the car onto its lot and had chosen the spot where it would be parked. During the period of the bailment the defendant had the custody of the car and of the keys to the car. While he was not an insurer of the car, he was obligated to exercise the quality of care in its custody which a reasonably prudent and careful man would use with respect to his own property of a similar nature. *Morse* v. *Homer's Inc.*, 295 Mass. 608. *Rourke* v. *Cadillac Automobile Co. of Boston*, 268 Mass. 7, 8. If the damage to the automobile occurred while it was on the defendant's parking lot a finding was warranted that if the lot was properly supervised the person responsible for causing the damage could have been ascertained and the interests of the plaintiff protected. To have failed in providing this much protection for

the plaintiff was sufficient to establish the defendant's negligence. *Stevens* v. *Stewart Warner Speedometer Corp.*, 223 Mass. 44. *Hayes* v. *Maykel Automobile Co.*, 234 Mass. 198. *Doherty* v. *Ernst,* 284 Mass. 341. *Sandler* v. *Commonwealth Station Co.*, 307 Mass. 470.

**There was no error. Report dismissed.**

PAUL L. CUMMINGS

of Boston, for the plaintiff. Cited *Bean* v. *Security Fur Storage Warehouse, Inc.,* 344 Mass. 674.

HUGH L. O'BRIEN

for the defendant.