*Municipal Court of the
City of Boston*
No. T-27100

## WILLIAM SIMMS

### v.

## MIDTOWN MOTOR INN CORP.

Argued: May 18, 1973 - Decided: Oct. 1, 1973

*Present:* Foster, J. (Presiding), Elam, Doerfer, JJ.

Case tried to *Glynn, J.*

**Elam, J.** This is an action of tort or contract in which the plaintiff seeks to recover for the loss of his motor vehicle stolen from the defendant's parking garage.

**At the trial there was evidence tending to show that:**

The defendant operated a motor inn or motor hotel with an adjoining parking garage facility to accommodate his guests. The plaintiff's wife and family were on vacation in Massachusetts and she was operating the motor vehicle, with his permission, when she registered at the defendant's Motor Inn on August 10, 1968, parked her car in the defendant's garage, secured the same, locked it and retained the keys. On the following day when she went to retrieve the vehicle, she found the same missing and after a diligent search failed to locate the same. On the same day she checked out of the hotel and paid her consideration which she believed covered the fee for parking her car.

At the close of the evidence the plaintiff filed fifteen requests for rulings, thirteen of which were denied. Being aggrieved by this action the plaintiff brings this report.

The plaintiff argues that there was a contract of bailment entered into between the parties when plaintiff's operator was directed

by defendant's employee to the parking garage and she signed the motel guest register.

We cannot agree that the foregoing acts created a contract of bailment. In addition to retaining her keys, plaintiff paid no additional consideration for the privilege of using the parking garage. These facts are to be distinguished from those in the case of *Richard* v. *Mass. Port Authority*, 46 Mass. App. Dec. 110 and *Demone* v. *Fitz-Inn Auto Parks, Inc.*, 47 Mass. App. Dec. 1. In these cases, even though the plaintiffs retained the keys to their vehicles, it was clear that the defendant garages were paid a consideration and a bailment was created. In this situation a garage operator is required to exercise due care in the performance of his contract of bailment. *Butler* v. *Bowdoin Square Garage*, 329 Mass. 28. *Greenberg* v. *Shoppers Garage*, 329 Mass. 31. *Hale* v. *Mass. Parking Authority*, 358 Mass. 470, 471.

The fact that security guards were on duty part of each day does not increase defendant's liability. These guards were not assigned exclusively to the garage area, but were responsible for security in the entire hotel complex.

This case is in line with *Miller* v. *Commonwealth Motor Hotel Inc.*, 358 Mass. 823, in which the court held that motor hotel was not liable for loss of plaintiff's car where he paid no additional consideration for the use of garage space.

There was no error. This report is dismissed.
**Report dismissed.**

EDWARD M. PERRY
for the Plaintiff

JOHN P. LINEHAN
for the Defendant