**PATRIOT FORD, INC.**
vs.
**WILKINSON, INC.[1]**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**April 11, 1980**

[1]Doing business as The Ship.

Harding M. Ounanian for the plaintiff.
William J. Lee for the defendant.

Present: Cowdrey, P.J., Flynn & Forte, JJ.

COWDREY, P.J. This is an action in negligence to recover the value of the plaintiff's motor vehicle which was stolen from the defendant's business premises.

At trial there was evidence tending to show that: The defendant owns and operates a restaurant known as "The Ship" in Saugus, Massachusetts. The defendant maintains a parking lot adjacent to the restaurant and, at the time of the incident herein in question, offered valet parking through its employees to restaurant patrons and guests. No additional monetary charge was made for this service.

On April 19, 1975, an employee of the plaintiff drove the plaintiff's 1975 Ford Thunderbird to the defendant's restaurant. The plaintiff left his car and keys with an employee of the defendant and received a receipt or "ticket" for the car. The defendant's employee parked the plaintiff's car in the lot, locked the doors, and placed the keys on a key board located in between two doors leading into the restaurant. This key board was in full view of all persons entering or leaving the restaurant, and was often left unattended by the defendant's employees who worked outside in the parking lot.

After dining in the restaurant, the plaintiff's employee requested the return of the motor vehicle. The defendant's employee removed the keys from the key board, searched the parking lot and informed the plaintiff's employee that the car was missing. The defendant's employees were unable to account for the absence of the motor vehicle, and its supposed theft was then reported to the police. The plaintiff's vehicle was valued at $7,597.25.

The report also discloses that the defendant's parking lot was not equipped with sensor devices or barriers, and that there existed at least two means of egress from the lot. Several motor vehicle thefts from the defendant's premises had been reported both before and after the incident in question.

The trial court found, inter alia, that the plaintiff did not have a contract with the defendant; that the defendant did not breach any duty owed the plaintiff; and that the defendant was not negligent. Judgment was entered for the defendant.

The plaintiff is presently before this Division on a charge of error in the trial court's disposition of the following requested rulings of law:

"1. The evidence is sufficient as a matter of law to warrant the court in finding that the defendant was negligent.
Allowed, but not applicable.

"2. There is evidence sufficient to warrant a finding for the plaintiff.
Allowed, but not applicable.

"3. As a matter of law, the plaintiff is entitled to recover for loss and damages to its motor vehicle.
Denied.

"4. The evidence taken in a light most favorable to the plaintiff justified a finding for the plaintiff.
Allowed, but not applicable.

"5. There is sufficient evidence to warrant a finding that the defendant, its agents, servants or employees was negligent.
Allowed, but not applicable.

"6. The evidence warrants a finding that the defendant, its servants, agents or employees, although having had possession and control of the plaintiff's motor vehicle does not know how the alleged occurrence, the subject matter of the plaintiff's complaint, occurred and with no explanation of its disappearance (the disappear-

ance of the plaintiff's motor vehicle) this will permit a finding that the defendant was negligent. Denied, there was an explanation, a theft, see finding.

"10. The evidence warrants a finding that the plaintiff's motor vehicle was permitted to leave the defendant's premises without a return of the ticket originally entrusted to the plaintiff or any explanation for the failure of the defendant to secure its return. Denied, as there was an explanation, see finding."

The plaintiff's charge of error in the trial court's disposition of requested rulings 1, 2, 4 and 5 raises only a question as to the validity of the trial court's subsidiary findings. Specifically, the court found that no contractual relationship existed between the parties, and that the defendant did not breach any duty owed to the plaintiff. Said findings can be sustained upon a reasonable view of the reported evidence, and are thus controlling on this appeal.

One who merely offers automobile parking privileges is generally under no duty to guard against loss by theft or fire. **Golka v. Massachusetts Port Auth.**, 47 Mass. App. Dec. 93, 100 (1971); **Miller v. Commonwealth Motor Hotel, Inc.**, 40 Mass. App. Dec. 49, 51 (1968). The defendant's liability for negligent loss of the plaintiff's car could derive, therefore, only from the defendant's status as a bailee for hire with an attendant duty "to use the quantity and quality of care which, under similar circumstances, a reasonably careful man would use with respect to his own automobile." **Sandler v. Commonwealth Station Co.**, 307 Mass. 470, 471 (1940). See also **Wright v. Heil Equip. Co.**, 357 Mass. 74, 75 (1970); **Luby Leasing, Inc. v. Back Bay Auto Parks, Inc.**, 48 Mass. App. Dec. 76, 78 (1972). A bailment for hire is created by a delivery of property into the care and custody of another for compensation. **Doherty v. Ernst**, 284 Mass. 341, 344 (1933); **Sandler v. Commonwealth Station Co.**, supra at 472.

The report clearly states that the valet parking service in the case sub judice was offered free of charge by the defendant, and that no additional fee was included with a restaurant patron's food or drink bill to cover such service. No evidence was introduced that the plaintiff or any other restaurant patron conferred a tip or other gratuity upon the parking attendant,[2] or that the defendant in any way benefited from the parking service in terms of increased restaurant business.[3] Absent such evidence of consideration flowing to the defendant, the trial court properly determined that no bailment for hire was created between the parties at bar. See **Miller v. Commonwealth Hotels, Inc.**, 358 Mass. 823 (1971); **Morse v. Homer's Inc.**, 295 Mass. 606, 608 (1936); **Simms v. Midtown Motor Inn Corp.**, 52 Mass. App. Dec. 170, 172 (1973); **Fredie v. First Federal Parking Corp.**, 48 Mass. App. Dec. 36, 38 (1971).

Thus the delivery of the plaintiff's car into the care and custody of the defendant's employees at most constituted a gratuitous bailment which may be the basis of an action in tort for only gross negligence. **D.A. Schulte, Inc. v. No. Terre Garage Co.**, 291 Mass. 251, 257 (1935); **Altman v. Aronson**, 231 Mass. 588, 590 (1919). The defendant cannot be held liable herein as a gratuitous bailee, however, even assuming arguendo that the theft of the plaintiff's vehicle could have been prevented by the implementation of more stringent parking security measures. In our opinion, a failure either to redesign a parking lot to eliminate multiple exits; to install sensor barriers or other costly security devices; or to employ additional parking attendants or guards did not constitute gross negligence on the facts of this case. The trial court's finding that the defendant did not breach any duty owed the plaintiff was thus proper on the basis of the reported evidence.

---

[2]Compare Williams v. Anthony's Pier Four Restaurant Inc., Mass. App. Div. Adv. Sh. (1978) 258, wherein evidence of tips was introduced.

[3]Compare Portanova v. Somerset Hotel Corp., 14 Mass. App. Dec. 51 (1957), wherein the plaintiff was able to enter the defendant's business premises solely because the defendant's doorman offered to and did assume control of the plaintiff's vehicle.

Finally, the denial of requested rulings 6 and 10 did not constitute reversible error. The unexplained disappearance of the plaintiff's vehicle from the defendant's lot without the return of the receipt or ticket originally given to the plaintiff's employee could have constituted evidence of negligence only upon preliminary proof of the existence of a bailment relationship between the parties. See **Bean v. Security Storage Warehouse, Inc.,** 344 Mass. 674, 676 (1962); **DiMascio v. Meyer Bros Parking Systems, Inc.,** Mass. App. Div. Adv. Sh. (1977) 1018, 1020; **Fredie v. First Federal Parking Corp., supra** at 38. The burden of proving freedom from negligence, and of providing an explanation or justification for the loss of the plaintiff's vehicle which would be consistent with the exercise of due care, never devolved upon the defendant for the plaintiff failed to establish that the defendant was a bailee for hire. **Knowles v. Gilchrest Co.,** 362 Mass. 642, 652 (1972). The plaintiff was thus entitled to no greater explanation for the loss of its vehicle than the one provided by the defendant; namely, that there had been a theft.

There being no error in the trial court's disposition of the defendant's requests for rulings of law, the report is dismissed.

So ordered.
P.J. Cowdrey