## Anna M. KOROBCHUK

v.

## EARL-DALY CHEVROLET, INC.

### No. 8550

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**May 12, 1981**

John P. Ryan, Esq. counsel for plaintiff
George J. Shagory, Esq. counsel for defendant

## OPINION

COWDREY, P. J. This is an action in tort and contract to recover the value of the plaintiff's automobile which was stolen while in the possession of the defendant's agent.

At trial there was evidence which tended to show that: On August 14, 1975, the plaintiff delivered to the defendant corporation a personal check in the amount of $4,979.16 for the purchase of a 1975 Chevrolet Monza Coupe. The automobile model of the plaintiff's choice contained several items of optional equipment and was not in stock on the defendant's business premises in Westfield, Massachusetts on the date in question. Walter Earl, treasurer and owner of the defendant corporation, subsequently acquired the automobile from another dealer and so notified the plaintiff. The defendant caused the automobile to be registered in the name of the plaintiff as owner; and a Certificate of Title was issued and sent to the plaintiff. The effective date of registration was August 14, 1975.

The plaintiff thereafter allowed Mr. Earl to retain possession of her vehicle for a short period of test driving in order to "work out the bugs." Pursuant to this agreement, Mr. Earl began to operate the automobile between his home in Woronoco, Massachusetts and the defendant's place of business.

On August 17, 1975 Mr. Earl parked the plaintiff's car in his driveway and locked it. The vehicle did not have an alarm system. Mr. Earl's home had an attached garage which on the date in question contained furniture and his wife's automobile, the year and model of which were not disclosed in the report before us. Mr. Earl had only recently moved into the Woronoco neighborhood which was predominantly composed of single family dwellings.

On August 18, 1975, Mr. Earl discovered that the plaintiff's vehicle had been stolen.

The trial court entered judgment for the defendant upon a subsidiary finding that no bailment relationship was created between the parties. The plaintiff is presently before this Division on a charge of error in the trial court's denial of the following requests for rulings of law:

"5. The evidence requires a finding that the legal relationship of the plaintiff and the defendant at the time and place of the plaintiff's loss was that of bailor and bailee respectively.

"6. The evidence requires a finding that the defendant was negligent and that its negligence was causally related to the plaintiff's loss.

"8. The evidence requires a finding that the defendant failed to exercise that degree of care to be expected of a reasonably prudent person in similar circumstances in view of the value of the subject of the bailment.

"10. The evidence does not warrant a finding for the defendant.

"11. The evidence requires a finding for the plaintiff."

1. The primary issue posed for review by the plaintiff's requested rulings is whether the parties' agreement for the test driving of the plaintiff's vehicle constituted a bailment for hire with attendant legal responsibilities. A bailment for hire is created by a delivery of property into the care and custody of another for compensation. **Sandler v. Commonwealth Sta. Co.**, 307 Mass. 470,

472 (1940); **Doherty** v. **Ernst, 284 Mass.** 341, 344 (1933). It is "essentially a consensual transaction arising out of a contract express or implied. . . ," **Stuart** v. **D. N. Delley & Son, Inc.,** 331 Mass 76, 77 (1954); **Schulte** v. **North Term Garage Co.,** 291 Mass. 251, 256 (1935), which "denotes a status or situation in which one person has been entrusted with the possession of personal property, the title or ownership of which is in another person." D. Simpson and H. Alperin, Summary of Basic Law, 14 Mass. Practice Series, c.2, s.81, p.63 (2nd ed. (1974) ). The reported evidence herein compels the conclusion that the parties' agreement for the retained possession and control by the defendant's agent of the plaintiff's vehicle for the purpose of improving or perfecting said vehicle in consideration of the mutual benefit of the parties, **Williams** v. **Anthony's Pier 4 Restaurant, Inc.,** Mass. App. Div. Adv. Sh. (1978); **Morse** v. **Homer's Inc.,** 295 Mass. 606, 608; **Portanova** v. **Somerset Hotel Corp.,** 14 Mass. App. Dec. 51, 54 (1957) constituted a bailment for hire.

We cannot agree with the defendant that evidence of the requisite element of delivery of the bailed property was fatally absent from the instant case. See, e.g., **Golka** v. **Massachusetts Port Auth.,** 47 Mass. App. Dec. 93, 101 (1971); **Miller** v. **Commonwealth Motor Hotel,** 40 Mass. App. Dec. 49, 52 (1968); **Gibson** v. **Hotel Corp. of America,** 36 Mass. App. Dec. 70, 73 (1966). The automobile in question was already in the possession of the defendant-bailee and thus an actual delivery of the property was not necessary to effect a bailment agreement.[1] Moreover, the conduct of both parties subsequent to the consummation of their purchase and sale agreement amounted to a consecutive delivery of the plaintiff's property herein.[2] Ownership of the automobile with a concomitant right to immediate possession vested in the plaintiff on August 14, 1975, the effective date of the plaintiff's check, the

Certificate of Title and the vehicle registration. See G. L, c. 90D, s. 1; G. L. c. 90, s.1; **Nash** v. **Lang,** 268 Mass. 407, 409 (1929). The plaintiff's consent to the continued possession and improvement of her vehicle by Mr. Earl after that date, and the latter's acceptance of the care and custody of the car as manifested by his operation of the same to and from his home clearly constituted a constructive transfer or delivery by the bailor and an acceptance by the bailee of the automobile in question. The evidence does not support a rational inference to the contrary.

2. It was incumbent upon the defendant, as a bailee for hire, to employ that "quantity and quality of care which, under similar circumstances, a reasonably careful man would use with respect to his own automobile." **Butler** v. **Bowdoin Sq. Garage, Inc.,** 329 Mass. 28, 30 (1952); **Soutier** v. **Kaplow,** 330 Mass. 448, 450 (1953); **Luby Leasing Inc.** v. **Back Bay Auto Parks, Inc.,** 48 Mass. App. Dec. 76, 78 (1972). As the reported evidence herein established the existence of a bailment contract, the burden rested upon the defendant to prove that it exercised due care to prevent a loss of the plaintiff's vehicle. **Knowles** v. **Gilchrest,** 362 Mass. 642, 652 (1972).

The only evidence advanced by the defendant on this issue was that Mr. Earl locked the vehicle in his driveway prior to its theft. Such evidence was insufficient to

---

[1] The creation of a bailment by a seller's retention of a buyer's property has been recognized. See, e.g., **Weinstein** v. **Sheer,** 120 A.679 (N.J. 1923). A bailment for hire may be found when "the goods have either been delivered by the bailor to the bailee, or **have been retained by the bailee, as where the seller continues in possession, under some agreement** expressed or implied in fact" (emphasis supplied). S. Williston, Contracts, Vol. 9, s. 1030 (3rd ed. 1967).

[2] For the sufficiency of a constructive or symbolic as opposed to an actual delivery of bailed property see, e.g., **Sewall** v. **Fitz-Inn Auto Parks** — Mass. App. Ct. — (1975).

satisfy the defendant's burden of proof, especially when viewed in terms of other information adduced at trial. Mr. Earl's failure either to garage the plaintiff's vehicle in accordance with his customary manner of protecting his family's property, **Wright v. Heil Equipment Co.**, 357 Mass. 74, 76 (1970); **Proctor v. Owen Motors Inc.**, 42 Mass. App. Dec. 80, 85 (1969); or to take alternative safety measures in consideration of the value of the vehicle, **Fredie v. First Federal Parking Corp.**, 48 Mass. App. Dec. 36, 38, his awareness of the absence of anti-theft devices on the car and his unfamiliarity with the safety of his new neighborhood, required a determination of negligence herein.

3. On the basis of the foregoing, the denial of the plaintiff's requested rulings 5, 6, 8, 10 and 11 was error. The trial court's finding for the defendant is hereby vacated. Judgment for the plaintiff in the sum of $4,540.66, as stipulated by the parties, is to enter.

**So ordered.**