Bohn, J.
On November 27, 2000, this civil matter was before the court for hearing on the motion of the defendant for summary Judgment. See Mass.R.Civ.P. 56. In its motion, the defendant, Red Roof Inns (“Inn"), argues that G.L. 140, §10, which limits innkeepers’ liability for loss of their guests’ property, bars plaintiff Brenda Welton’s claim that the Inn is liable for the theft of her U-haul truck from the Inn’s parking lot. Welton, who was a guest at the Inn at the time of the theft, argues that the Inn is liable because (1) the Inn had a common law duty to protect her belongings by adequately securing its parking lot, and (2) the parties allegedly had a “special contract,” and thus G.L. 140, §10 does not bar her claim.
For the following reasons, the defendants’ motion for summary judgment will be ALLOWED.
STATEMENT OF THE CASE
The pleadings and other materials submitted by the parties reveal the following undisputed facts.
In December of 1996, plaintiff Welton and her family were moving from Massachusetts to Florida. In preparation, Welton rented a U-Haul truck and packed all of her family’s possessions, valued at approximately $189,900.00, into the truck.
On Friday, December 20, 1996, Welton and her family checked into the Red Roof Inn (“Inn”) in Woburn, Massachusetts, intending to leave for Florida on Sunday, December 22, 1996. Welton alleges that she specifically asked an employee working at the Inn’s check-in desk whether it would be safe to park the U-Haul truck in the Inn’s parking lot, and that this employee assured her that it would be safe because the Inn had security. See Pi’s Ex. A, Welton Int. Answers, Response No. 2. Welton asserts that this employee further directed her to park the U-Haul in the last row of the parking lot on the right side of the Inn, and that she did so. Id.[1]
That evening, Welton worked an evening shift at the Woburn Mall. When she returned to the Inn at approximately 12:00 a.m., the U-haul truck remained where Welton had left it in the parking lot. See Ex. A, Welton Int. Answers, Response No. 2. When Welton’s son Scott returned to the Inn at approximately 4:00 a.m., he also observed that the U-Haul was in its proper location. Id. When Welton awoke at approximately 8:00 a.m. on the morning of December 21, 1996, however, she discovered that the truck was gone.
At the time of the incident at issue, a security company, OCS Protective Services (“OCS”), provided security services at the Inn. On Friday and Saturday nights, OCS posted one security officer at the Inn for a nine-hour shift from either 7:00 p.m. through 4:00 a.m., or from 9:00 p.m. through 6:00 a.m., depending upon the Inn’s request. The record shows that the OCS officer would patrol mainly inside the Inn building, and would patrol outside the building more than twice during a shift only if notified of a problem. See Pi’s Ex. E, Default Depo. p. 27 lines 3-15, p. 54 lines 13-24. The record also shows that there are no fences surrounding the Inn’s parking area. Id. at p. 57 lines 15-17.
Welton asserts that there is an extensive history of criminal activity at the Inn’s premises in Woburn, Massachusetts, see Disputed Fact No. 5; see also Pi’s Ex. F, Woburn Police Reports; however, the defendant Inn argues that it is not liable for the theft of Welton’s *727 U-haul truck, and asserts that, during Welton’s stay, a notice stating the provisions of G.L.c. 140, §10, which limits innkeepers’ liability for loss of guests’ belongings, was posted in each room of the Inn, including Welton’s room. See Defendant’s Concise Statement of Facts and Law in Support of Motion for Summary Judgment, ¶4.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and the moving party is entitled to judgment as a matter of law. Pederson v. Time Inc. 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991); see also Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
In this case, the first inquiry is whether G.L. 140, § 10 bars Welton’s claim, and if so, whether Welton can recover despite this statutory bar under a theory that the Inn had a common law duty to secure the parking lot area to protect guests' belongings. The second inquiry is whether Welton had a “special contract” with the Inn. If so, G.L. 140, § 10 does not apply and the Inn may be liable to Welton for her loss.
For the reasons discussed below, this Court finds that G.L. 140, §10 bars Welton’s claim and thus absolves the Inn from liability.
I. Welton cannot recover because the Inn had no duty under either G.L. 140, §10 or common-law to protect her belongings in the Inn’s parking lot area
A. G.L. 140, §10 exempts the Inn from liability for loss of Welton’s belongings from the Inn’s parking lot
G.L. 140, §10 sets out innkeepers’ liability for guests’ belongings as follows: “An innholder shall not be liable for losses sustained by a guest except wearing apparel, articles worn or carried on the person, personal baggage and money necessary for traveling expenses and personal use . . .; but an innholder shall be liable in damages . . . for the loss of money, jewels and ornaments of a guest specially deposited for safekeeping . . .” See G.L. 140, §10.
Courts have limited innkeepers’ liability under G.L. 140, §10 to items “which are placed within the inn,” see Berkshire Woolen Co. v. Proctor, 61 Mass. 417, 427 (1851) (court held innkeeper liable for theft of money from guest’s room), and have held innkeepers exempt from liability for theft of guests’ automobiles from the inn’s parking lot. See, e.g., Miller v. Commonwealth Motor Hotels, Inc., 358 Mass. 823 (1971) (motel was held exempt from liability, under G.L. 140, §10, for theft of overnight motor guest’s locked automobile from motel’s unattended parking space, where guest did not establish that he had a special contract with the hotel with respect to his automobile).
Here, the items Welton claims that she lost were not stored within the Inn but, rather, in Welton’s U-haul truck, which was parked in the Irrn’s parking lot. Since innkeepers are not liable by statute for thefts of guests’ belongings outside the inn building, or for thefts involving automobiles parked in an inn’s parking lot, the Inn had no statutory duty to protect Welton’s belongings located in the Inn’s parking lot.
B. Welton cannot recover because innkeepers have no common law duty to protect guests’ personal belongings outside the inn building
In her opposition, Welton argues that her claim is not barred by G.L. 140, §10 because the statute does not abrogate innkeepers’ common law duty to exercise ordinary care to protect guests’ belongings where a crime is foreseeable. Welton contends that, because the Inn allegedly had a history of criminal activity on its premises, the theft of her U-haul was foreseeable and that therefore, the Inn had a common law duty to protect her belongings in the parking lot.
Courts have applied the common law principle that “(w]hile innkeepers are not insurers of their guests’ safety . . . they do owe a duty of care to take steps to protect their guests against unreasonable risk of physical harm.” See Addis v. Steele, 38 Mass.App.Ct. 433 (1995). See also MacQuarrie v. Howard Johnson Company, 877 F. 2d 126(1st Cir. 1989) (court held inn liable for injuries incurred when guest was robbed and shot in inn’s parking lot, where crime rate on the premises was high and that type of violent act was therefore foreseeable). Here, Welton does not claim that she was physically harmed but, rather, that her personal belongings were stolen. Although courts have imposed a duty upon innkeepers to protect guests’ safety in an inn’s parking lot where crime might be foreseeable, no such duty has been recognized with respect to protecting guests’ personal belongings. Furthermore, the record shows that the Inn did have a security service that periodically patrolled the Inn’s parking lot. Since no caselaw exists to support Welton’s proposition that innkeepers have a common law duty to protect guests’ belongings outside of the inn building, the Inn is not liable under common law for Welton’s loss.
*728 II. Welton cannot recover under G.L. 140, §10 because there was no “special contract” between Welton and the Inn
In her opposition, Welton argues that she and the Inn entered into a “special contract” under G.L. 140, §10 because she informed the Inn of the nature and inherent value of her property, and because she specifically inquired whether the U-Haul would be safe in the Inn’s parking lot.
Under the special contract exception to G.L. 140, §10, innkeepers may be liable for property deposited with them “for safe keeping after being fully informed of its nature and value . . .” See G.L. 140, §10. Pursuant to that exception, courts have held that an innkeeper can be held liable for damage to or loss of a guest's automobile where a guest pays an extra charge for parking, or where the price of the guest’s room is offset because the guest has not used a parking space. See Miller v. Commonwealth Motor Hotels, Inc., supra (motel was not liable for theft of overnight motor guest’s locked automobile from motel’s unattended parking space, where guest did not establish that a separate charge was made for his use of the parking space, or that the price of his room would have been lower had he not used the space).
The factors that courts have used to establish special contracts are not present in this case. Here, Welton did not provide the U-haul’s keys to the Inn for safekeeping, thus she never delivered possession and control of the truck to the Inn. She retained the keys herself, thereby personally retaining access to her truck. Moreover, Welton did not pay any additional consideration to secure her U-haul truck in the Inn’s parking lot, and the record does not indicate that the price of her room would have been lower if she had not used the parking space. Thus, Welton did not have a special contract with the Inn.
This Court recognizes that Welton has incurred a significant loss and it is not unsympathetic to that plight; it is compelled, however, to allow the motion of the defendant Red Roof Inn for summary judgment, given that neither G.L. 140, §10 nor common law imposes a duty upon innkeepers to protect guests’ belongings outside the inn building, and because the parties did not have a special contract within the meaning of G.L. 140, §10.
ORDER
For the foregoing reasons, the court hereby ALLOWS the defendant’s motion for summary judgment, as is provided for by Mass.R.Civ.P. 56(c).

Belton retained the keys to the U-haul, and paid no extra charge to park the truck in the Inn’s parking lot.